Battle, J.
 

 It may be a matter of regret that the j udgment in this case must be reversed and a new trial granted upon an objection which applies to the parties, and not to the merits of the suit. We say it
 
 may he
 
 a matter of regret because, apparently, the law has been correctly administered in the Court
 
 *322
 
 below, in every thing except in submitting to the jury the question of the joint possession of the
 
 locus in quo
 
 by the plaintiffs, without any proper evidence to support it. The title of the land was shown to be in the plaintiff, Thomas Sutton, and the only testimony offered to show that the other plaintiff was in possession with him, was that the two were seen together ploughing in a crop of wheat, with their respective hands and horses : were also seen to repair the fences and to gather and ship the wheat the ensuing year. No written lease, from Sutton to the other plaintiff was produced, and no oral letting was shown by any direct proof, and it was left to be inferred from the testimony just above stated. "Was that testimony sufficient to be left to the jury for that purpose? We think that under the circumstances it was not. The burden of proof, it will be remembered, lay on the plaintiffs. The evidence they offered could raise a conjecture only of a fact which they were bound to establish. It was just as consistent, if not more so, with the supposition that the plaintiff, Sutton, permitted the other plaintiff to crop with him upon shares, as that he had rented him the land. Such a case comes directly within the rule laid down by GastoN, J., in delivering the opinion of the Court in the case of
 
 Cobb
 
 v. Fogleman, 1 Ire. Rep. 440, “Where the law does not presume the existence of a fact, there must be proof, direct or indirect, before the jury can rightfully find it; and although the boundary between a defect of evidence and evidence confessedly slight, be not easily drawn in practice, yet it cannot be doubted that what raises a possibility or conjecture of a fact, never can amount to legal evidence of it.” See also
 
 State
 
 v.
 
 Revells.
 
 Busb. Rep. 200. The rule may, perhaps, be better illustrated by the following example : suppose the plaintiff in a cause was bound to show the existence of a fact within twenty years, and the only testimony he offered was that of a witness who stated that it existed either nineteen or twenty-one years, and he could not remember which: could the Judge leave that isolated statement to the jury as testimony, from which they were at liberty to find the issue in favor of the plaintiff? Certainly not; and
 
 *323
 
 yet the case would be as strong in his favor as the present. Here the testimony tends to prove a fact against the plaintiffs as much as it does one for them. Hence it can, at most, raise only a possibility or conjecture, which, as Judge Gaston says, is not legal evidence of the fact.
 

 Eor the error in this single particular the judgment is reversed, and a
 
 venire de novo
 
 awarded.
 

 Pee Cubiam. Judgment reversed.