## STATE v. YOUNG PRINCE.

### (Filed 21 September, 1921.)

**1. Spirituous Liquor — Intoxicating Liquor — Manufacture—Evidence— Questions of Law—Nonsuit—Trials.**

The legal sufficiency of evidence to be submitted to the jury to convict the defendant of the illicit manufacture of intoxicating liquor is a question for the court to first determine; and where it raises only a mere conjecture, or shows only a bare possibility of guilt, the burden of proof beyond a reasonable doubt being on the State, it is insufficient; and defendant's motion to nonsuit thereon should be granted.

**2. Same.**

Evidence that a still operated on a path leading to a public road which passed defendant's dwelling, but was not on his premises, and indications that at a remote period spirituous liquor had been manufactured in that vicinity, without evidence that it had been made on his lands and that nothing was found on his premises to indicate his violation of the law, and there being no other evidence that he was operating the still, is merely conjectural and insufficient to show the defendant's guilt in the unlawful manufacture of spirituous liquor, and his motion to nonsuit thereon, under the statute, was properly granted.

APPEAL by defendant from *Lyon, J.,* at the May Term, 1921, of CHATHAM.

Defendant was convicted of manufacturing spirituous liquor, and, being sentenced to eighteen months on the roads, he appealed.

The only question is whether there was any evidence of his guilt, and this was raised by his motion to nonsuit the State.

The evidence substantially was that three officers had searched near defendant's premises on 10 May, 1921, and about one-half or three-quarters of a mile from his house they found a distillery that was being operated, and the materials were there for making whiskey. There was a path leading from the distillery up a hill about 150 yards to a road, which was intersected by the railroad, and led to the defendant's house, but the road passed his house and extended to the neighborhood beyond, and in the direction of Raleigh. There was a path from the house of the defendant to a spring about 200 yards away, and a path led from the spring to an old place where a distillery furnace had once been "which showed no signs of recent use." A pile of sawdust was found some distance beyond this spring, and beyond this sawdust there was evidence of a distillery furnace having been operated some time in the past, but which had not been recently used. They found an old still-worm in the edge of the woods and back of defendant's garden, but there was nothing to indicate any recent use of it, and it apparently had been lying there, exposed to the weather for quite a while. Not far from

this old and unused distillery-worm, a jug of something, having the appearance of tomato beer, was found. It resembled something found at the distillery, three-quarters of a mile away, which they took to be tomato beer.

The defendant was not at home, and they did not see him on this raid or search; his premises and house were searched without objection by his wife, who assured them before they went in that they would find nothing, and they found nothing there, as she had stated. In the barn or granery of the defendant there was found a barrel containing a few gallons of molasses, estimated to be not over five gallons. Following the road past the defendant's house from the direction of the distillery going directly west into the woods, something like 300 yards from the defendant's home and about 35 or 40 yards from the road, two five-gallon jugs were found sitting behind a log and were in guano sacks; but were unstopped, one of them was empty and the other one contained about a cupful of something that had the odor of whiskey.

All the witnesses admitted that nothing was found in the home of the defendant to arouse the least suspicion that whiskey was being stored or kept there. Each witness stated he knew not whether the land belonged to the defendant where the still sites were found, and none of these witnesses knew whether the still-worm, or jug of tomato beer, or any jugs, were on the premises of defendant; that the defendant was not seen in connection with either the distillery, the empty jugs, or the still-worm, and was not at home on this occasion.

The witness Ferguson, who lived in Prince's neighborhood, testified that the path leading from the distillery in the direction of the defendant's home had been used as a school path for a number of years.

Motion to nonsuit, submitted at the close of all the evidence, which is above set forth, was overruled. Defendant excepted, and appealed.

*Attorney-General Manning and Assistant Attorney-General Nash for the State.*
*A. C. Ray for defendant.*

WALKER, J. We have examined the evidence with close scrutiny, and can find none upon which a verdict of guilty can reasonably be based, if there is any, upon which to raise even a well founded suspicion. All of the circumstances upon which the State solely relies may exist, and yet the defendant be innocent. Either singly or in combination they produce no assurance of guilt, but, at most, only a mere conjecture or surmise of it, which is certainly not sufficient as evidence. *Byrd v. Express Co.,* 139 N. C., 273. In *S. v. Vinson,* 63 N. C., 335, this Court thus states the rule: "We may say with certainty that evidence which

merely shows it possible for the fact in issue to be as alleged, or which raises a mere conjecture that it was so, is an insufficient foundation for a verdict, and should not be left to the jury." And in *Brown v. Kinsey,* 81 N. C., 245, it is said: "The rule is well settled that if there be no evidence, or if the evidence be so slight as not reasonably to warrant the inference of the fact in issue, or furnish more than material for a mere conjecture, the court will not leave the issue to be passed on by the jury." In the later case of *Young v. R. R.,* 116 N. C., 932, the Court says: "Judges are no longer required to submit a case to the jury merely because some evidence has been introduced by the party having the burden of proof, unless the evidence be of such a character as that it would warrant the jury to proceed in finding a verdict in favor of the party introducing such evidence." *Cobb v. Fogalman,* 23 N. C., 440; *Wittkowsky v. Wasson,* 71 N. C., 451; *Sutton v. Madre,* 47 N. C., 320; *Pettiford v. Mayo,* 117 N. C., 27; *Lewis v. Steamship Co.,* 132 N. C., 904. It all comes to this, that there must be legal evidence of the fact in issue and not merely such as raises a suspicion or conjecture in regard to it. The State must do more than show the possible liability of the defendant for the crime. It must go further and offer at least some evidence which reasonably tends to prove every fact essential to its success. This has not been done in the case now before us.

We may say generally that evidence should raise more than a mere conjecture as to the existence of the fact to be proved. The legal sufficiency of proof and the moral weight of legally sufficient proof are very distinct in the conception of the law. The first lies within the province of the court, the last within that of the jury. Applying the maxim, *de minimis non curat lex,* when we say that there is no evidence to go to the jury, we do not mean that there is literally and absolutely none, for as to this there could be no room for any controversy, but there is none which ought reasonably to satisfy the jury that the fact sought to be proved is established, though there is no practical or logical difference between no evidence and evidence without legal weight or probative force. The sufficiency of evidence in law to go to the jury does not depend upon the doctrine of chances. However confidently one, in his own affairs, may base his judgment on mere probability as to a past event, when he assumes the burden of establishing such event as a proposition of fact and as a basis for the judgment of a court, he must adduce evidence other than a majority of chances that the fact to be proved does exist. It must be more than sufficient for a mere guess, and must be such as tends to actual proof. But the province of the jury should not be invaded in any case, and when reasonable minds, acting within the limitations prescribed by the rules of law, might reach different conclusions, the evidence must be submitted to the jury. *Campbell v. Ever-*

*hart,* 139 N. C., 516; *Lewis v. Steamship Co.,* 132 N. C., 904; *Wheeler v. Schroeder,* 4 R. I., 383; *Offutt v. Col. Exposition,* 175 Ill., 472; *Day v. Railroad,* 96 Me., 207; *Catlett v. Railway,* 57 Ark., 461; *Railroad v. Stebbing,* 62 Md., 504.

The principle is well stated in *Spruill v. Ins. Co.,* 120 N. C., at p. 147, that where the action of the judge in directing a verdict or granting a nonsuit or dismissal of the action can be sustained only under the doctrine, firmly established in this State, that where there is no evidence, or a mere scintilla of evidence, or the evidence is not sufficient, in a just and reasonable view of it, to warrant an inference of any fact in issue, the court should not leave the issue to be passed upon by the jury, but should direct a verdict against the party upon whom the burden of proof rests. And *Gaston, J.,* thus stated the rule in *Cobb v. Fogalman,* 23 N. C., 440: "Although the boundary between a defect of evidence and evidence confessedly slight be not easily drawn in practice, yet it cannot be doubted that what raises a possibility or conjecture (as to the existence) of a fact never can amount to evidence of it." *Crenshaw v. R. R.,* 144 N. C., 320; *Wittskowsky v. Wasson, supra; S. v. Powell,* 94 N. C., 968; *S. v. Satterfield,* 121 N. C., 558; *Jewell v. Parr,* 13 C. B. (76 E. C. L.), 916; *Ryder v. Wombwell,* L. R., 4 Exch., 32. This rule is not intended, as said by *Douglas, J.,* in *Spruill v. Ins. Co., supra,* to interfere with the rightful province of the jury to pass upon the weight of the evidence, but it assumes that the determination of its "character and legal effect" belongs to the court, and requires that this preliminary question be first decided before the evidence is submitted to the jury. The sufficiency of proof in law is for the court—the moral weight of legally sufficient proof is for the jury. The rule as to the legal sufficiency of evidence is not only well established, but of practically universal application, and under it we cannot perceive how any evidence was produced by the State in this case to convict the defendant. There was circumstantial evidence, it is true, that somebody was illegally operating a still at a place between one-half and three-quarters of a mile from defendant's home, but not on his premises. Old and unused stills and a still-worm were found in the neighborhood, and a jug with a cupful of liquor in it was discovered some distance from his house, but none of the witnesses did, or could, state that any one of the said articles was on defendant's land. There was a path leading from the still to a road, which was intersected by the railroad, and the road passed near the defendant's home, but both path and road were used by the public generally. The few other circumstances do not add anything to the probative force of the testimony. No connection or relation whatever was shown between the operation of the still and the circumstances, or any of them, to which we have referred. We are left to guess or specu-

late as to whether the defendant was, in fact, running the still, or assisting in the operation of it.    There is absolutely no legal evidence to prove that fact, which, of course, must be established by the State before he can be convicted.    We considered a case somewhat like this one at this term, and affirmed the conviction, but there other proof was introduced, which tended to identify the defendant as the guilty person, or one of those who operated the still.    As we said in *Foy v. Lumber Co.,* 152 N. C., at p. 598:  "The evidence is too vague and uncertain, and lacks the probative force which entitles it to be considered by the jury."

The testimony in *S. v. Brackville,* 106 N. C., 701, was much stronger than that to be found in this case, and pointed to the defendant as the guilty person, with far more certainty than does the testimony here, and yet the Court held that it fell short of legal proof of the alleged crime, and should not have been submitted to the jury.

The case of *S. v. Turner,* 171 N. C., 803, in some of its features was similar to the one in hand, though there was additional positive and direct testimony of guilt, and the Court held that but for the latter kind of evidence the other would not be legally sufficient as the basis of a verdict.

The isolated facts as to the finding of the still and still-worm and jug with the cupful of liquor in it, and the tomato beer, all off the defendant's premises, were really collateral to the issue, being distinct and independent offenses, not connected with the principal charge (even if there was any evidence that defendant was responsible for the articles being where they were), and are not regarded by the law as evidence of defendant's guilt.    *S. v. Jeffries,* 117 N. C., 727.    Quite a different question was involved in *S. v. McMillan,* 180 N. C., 741, and it is therefore not at all pertinent to this case.    We have referred to the last two cases because they were cited by counsel, and to exclude the inference that they were overlooked.

The result is that the learned judge who presided at the trial should have granted the motion to nonsuit under the statute, and there was error in refusing to do so.

Reversed.