STATE EX REL. B. F. GRIFFIN, GUARDIAN, ET AL., v. PAUL D. CAHOON, ADMINISTRATOR, ET AL.

(Filed 11 March, 1925.)

**Judgments—Estoppel—Clerks of Court—Interveners—Appeal and Error —Actions.**

The guardian of the minor children of the deceased sued the administrator and surety on his bond for the distributive share of his wards, in which creditors of the deceased intervened and made themselves parties, claiming the amount should be distributed among them. The clerk rendered judgment, declaring that the surety company had properly settled with the guardian, and relieving them of further liability, to which the interveners did not except, and from which no appeal was taken: *Held,* the interveners could not thereafter maintain an independent action against the surety on the administrator's bond for the same cause of action.

APPEAL by interpleaders from judgment rendered by *Midyette, J.,* at Fall Term, 1924, of PAMLICO.

This action was begun on 21 December, 1921, by B. F. Griffin, guardian of the infant children of Nathan Cahoon, deceased, against Paul D. Cahoon, administrator of Nathan Cahoon, and the New Amster-

STATE *v.* CAHOON.

dam Casualty Company, surety on his bond as administrator. Com-- . plaint was filed on 3 January, 1923. Plaintiff demanded judgment that he recover of defendant administrator the sum of $6,040, alleged to be due his wards as distributees of the estate of Nathan Cahoon by said administrator, and that he recover of the surety for said administrator the sum of $1,000, the penal sum of the bond. Neither defendant filed answer.

On 7 March, 1923, a judgment was signed by the clerk of the Superior Court of Pamlico County, reciting that the New Amsterdam Casualty Company, surety on the bond of Paul D. Cahoon, administrator of Nathan Cahoon, had paid to B. F. Griffin, guardian, the sum of $1,000, the penal sum of said bond, and thereupon adjudging that the said surety was discharged from all further liability on the bond of the said administrator.

On the same day, to wit, 7 March, 1923, C. S. Weskett & Co. and C. H. Fowler & Co., upon motions duly filed in this cause, were permitted, over the objections of plaintiff, to interplead, to the end that they might share in any recovery had in this action against defendants. Neither of the interpleaders excepted to the judgment rendered on the same day. Thereafter, both interpleaders filed complaints, each alleging that he was a judgment creditor of the administrator of Nathan Cahoon, and demanding judgment that the fund recovered in this action be distributed among the parties according to their respective interests.

To the judgment declaring that the interpleaders had no interest in or to the fund recovered by and paid to the guardian in this action, interpleaders excepted and appeal therefrom to this Court.

*D. L. Ward and T. C. Brinson for appellee.*
*Z. V. Rawls for appellants.*

CONNOR, J. His Honor held that interpleaders, having failed to except to the judgment approving the payment by the surety of the sum of $1,000 to plaintiff, were precluded from thereafter asserting any rights to the funds recovered by and paid to the plaintiff as guardian of the infant distributees of the estate of Nathan Cahoon. This holding, and the judgment in accordance therewith, interpleaders assign as error. The assignment of error cannot be sustained. The fund was not in the custody of the court at time complaint was filed, but had been paid to the guardian, who held it under a final judgment in an action to which interpleaders had, upon their motion, been made parties. There are other assets available to the administrators and interpleaders, as creditors of the estate, must look to these assets for the payment of their judgments. The judgment is

Affirmed.