STATE EX REL. W. J. SWANN, ADMINISTRATOR OF NATHAN CAHOON, DECEASED, v. E. E. MARTIN AND NEW AMSTERDAM CASUALTY COMPANY.

(Filed 17 March, 1926.)

**1. Conspiracy—Evidence—Fraud—Proximate Cause.**

In order to raise an issue of conspiracy between an administrator and a clerk of the court, under allegation that the former had loaned to the latter moneys belonging to the estate without requiring a sufficient bond, the evidence may be circumstantial, but it must raise more than a conjecture of the conspiracy alleged, and show an unlawful act on the part of the alleged conspirators which proximately caused the loss complained of.

**2. Instructions—Limitation of Actions—Evidence—Directing Verdict— Appeal and Error—Harmless Error.**

An instruction upon the running of the statute of limitations directing an answer to the issue, in an action alleging conspiracy, is immaterial when the evidence is not sufficient to sustain the allegation.

CIVIL ACTION tried before *Bond, J.,* at Fall Term, 1925, of PAMLICO. Summons was issued 19 September, 1925. Summons was served on the defendant, Martin, 26 September, 1925, and on the New Amsterdam Casualty Company 22 September, 1925.

There were two causes of action set out in the complaint. It was alleged as a first cause of action that the defendant Martin was clerk of the Superior Court of Pamlico County; that the first term of said clerk began on 8 December, 1914, and he was reëlected for a second term and inducted into office for the second term on the first Monday in December, 1918, and that New Amsterdam Casualty Company was surety on his official bond.

It was further alleged that Paul D. Cahoon, administrator of the estate of Nathan Cahoon, deceased, entered into a wrongful and unlawful conspiracy and collusion with said clerk in pursuance of which the said administrator loaned to said clerk, without security, the sum of $2,040 belonging to the estate of the decedent, Nathan Cahoon, with intent to cheat and defraud the estate of said deceased, and that the said clerk required said administrator to give an insufficient bond.

It was further alleged that the defendant, New Amsterdam Casualty Company, was also bondsman for the administrator, Paul D. Cahoon, said bond being in the penal sum of $1,000.

The evidence offered at the trial tended to show that the administrator had loaned the clerk about $2,000, and that subsequently the administrator Cahoon had brought suit against said clerk and secured a judgment.

Upon the second cause of action alleged, it appears from the record that the full penalty of the bond of the administrator, Paul D. Cahoon, was paid by said Casualty Company, bondsman, to one B. F. Griffin, guardian, as a result of an action entitled State ex rel. B. F. Griffin, Guardian, v. Paul D. Cahoon and New Amsterdam Casualty Company, to which said action all of the creditors of the estate of Nathan Cahoon, deceased, were parties.

The facts relating to the various aspects of this litigation appear in 186 N. C., 127; 188 N. C., 119; 189 N. C., 247; and 189 N. C., 254, and for that reason it is unnecessary to repeat them.

The issues submitted to the jury and the answers to said issues were as follows: (1) Did the defendant, Martin, and Paul D. Cahoon, administrator of the estate of Nathan Cahoon, enter into a conspiracy to cheat and defraud the estate of Nathan Cahoon, as alleged in the complaint? A. No. (2) Did the defendant, Martin, neglect to require the said administrator to give a good and sufficient bond, as alleged in the complaint? A. Yes. (3) Did the defendant, Martin, embezzle funds belonging to the estate of the said Nathan Cahoon, as alleged in the complaint? A. No. (4) What amount, if anything, is plaintiff entitled to recover on the penal sum of the bond of Paul D. Cahoon, in his second cause of action? A. Nothing. (5) Did defendant, New Amsterdam Casualty Company, pay the $1,000 penalty of the administration bond signed by it with P. D. Cahoon, administrator of Nathan Cahoon,

and set out in the second cause of action, on judgment rendered against it as set out in the answer? A. Yes. (6) If so, were C. S. Weskett & Company and H. J. Kennedy as C. H. Fowler & Company, the only unpaid creditors of the Nathan Cahoon estate and W. J. Swann, administrator *de bonis non,* parties to the litigation in which the matter was adjudicated, as alleged in the answer? A. Yes. (7) Is the plaintiff's cause of action set out as the first cause of action in the complaint barred by the statutes of limitation as against the defendant, New Amsterdam Casualty Company? A. Yes. (8) Are plaintiff's causes of action as set out in the first cause of action barred by the statutes of limitation as against E. E. Martin? A. Yes.

From judgment on the verdict the plaintiff appealed.

*Z. V. Rawls for plaintiff.*
*F. C. Brinson, Ward & Ward for defendants.*

BROGDEN, J. The first cause of action is based upon an alleged conspiracy between the defaulting clerk of Pamlico County and Paul D. Cahoon, administrator of the estate of Nathan Cahoon, deceased. An issue involving the question of conspiracy was submitted to the jury under instructions by the court to answer it in the negative.

On this aspect of the case, therefore, the only question to be determined is whether or not there was any evidence of conspiracy.

It appeared that the administrator had collected about $2,000 belonging to the estate of the decedent, and that this sum had been loaned by the administrator to the clerk without security. It further appeared that the administrator had not made all the reports as required by statute.

A conspiracy has been defined to be "an agreement between two or more individuals to do an unlawful act or to do a lawful act in an unlawful way." *S. v. Dalton,* 168 N. C., 204.

A conspiracy has been further defined as a "combination among two or more persons to accomplish, by concerted action, an unlawful purpose, or a purpose, not in itself unlawful, by unlawful means. But whether it is a wrongful or illegal conspiracy depends not upon the name given by the pleader, but upon the quality of the acts charged to have been committed. If these acts are not wrongful or illegal, no agreement to commit them can properly be called an illegal and wrongful conspiracy." *Ballentine v. Cummings,* 70 Atl., 548.

A conspiracy may be proved by circumstantial evidence because in questions involving conduct of men the certainty of mathematical precision cannot be obtained nor is such required. *S. v. Knotts,* 168 N. C., 188.

In *Shields v. Bank,* 138 N. C., 185, the question of conspiracy in civil actions was under consideration by *Justice Hoke.* In disposing of the question at issue in that case this language was used: "It must be proved as well as alleged that the plaintiff entered into a conspiracy to cheat and was a participant in a fraudulent purpose, either in the scheme or its execution, which worked injury to the defendant as a proximate consequence."

However, the proof must be sufficient to create more than a suspicion. Testimony that raises no more than a suspicion is not sufficient to be submitted to a jury as evidence of guilt. *Perry v. Ins. Co.,* 137 N. C., 404. The principle is thus stated in *Brown v. Kinsey,* 81 N. C., 245: "The rule is well settled that if there be no evidence, or if the evidence be so slight as not reasonably to warrant the inference of the fact in issue or furnish more than materials for a mere conjecture, the court will not leave the issue to be passed on by the jury." *Sutton v. Madre,* 47 N. C., 320; *Liquor Co. v. Johnson,* 161 N. C., 77; *Seagrove v. Winston,* 167 N. C., 207; *S. v. Bridgers,* 172 N. C., 882; *S. v. Prince,* 182 N. C., 790. A fair interpretation of plaintiff's first cause of action, as alleged, compels the conclusion, that conspiracy is the sole foundation of the remedy sought.

Applying the law to the facts disclosed in the record, we hold that there was no evidence of a "wrongful and unlawful conspiracy and collusion between the defendant and the said administrator to cheat and defraud the estate of Nathan Cahoon," sufficient in probative value to create more than a conjecture or suspicion.

Upon the second cause of action upon the $1,000 bond of Paul D. Cahoon, administrator of Nathan Cahoon, it appears that the entire penalty of said bond has been paid by New Amsterdam Casualty Company to B. F. Griffin, guardian. This second cause of action is disposed of in the opinion of *Justice Connor* rendered in this cause and reported in 189 N. C., 254.

Exception to the charge of the trial judge upon the issue relating to the statute of limitations in the first cause of action becomes immaterial by reason of the fact that this cause of action was based upon conspiracy, and the jury found no conspiracy existed. Exception to the charge of the trial judge upon the issue relating to the statute of limitations upon the second cause of action is likewise immaterial because the decision of the Court in 189 N. C., p. 254, precluded the assertion of the second cause of action at all. The judgment must therefore be

Affirmed.