G. H. JORDAN, ADMINISTRATOR, v. SEABOARD AIR LINE RAILWAY COMPANY.

(Filed 20 October, 1926.)

**1. Negligence—Evidence—Attractive Nuisance.**

In the absence of evidence tending to show that a child was not injured at the place of an "attractive nuisance" alleged to have caused the injury in suit, it was insufficient to be submitted to the jury.

**2. Evidence—Conjecture.**

Evidence is insufficient to take the case to the jury which merely raises a conjecture or suspicion.

CIVIL ACTION, tried before *Barnhill, J.,* and a jury, at April Term, 1926, of WAKE.

This action was instituted to recover damages for the wrongful death of plaintiff's intestate, James Jordan, who was a bright boy of the age of five and a half years. At the conclusion of all the testimony judgment of nonsuit was entered and the plaintiff appealed.

*Douglass & Douglass for plaintiff.*
*Murray Allen for defendant.*

PER CURIAM. The complaint specifies four elements of negligence, to wit: First, that the defendant, for several years, had permitted children to play on or near the main line, at Cary, at a place where the

signal pipes were located; second, that the defendant did not stop its train or reduce its speed so as to prevent the killing of the child; third, that the defendant's employees in charge of the train did not keep a proper lookout; fourth, that the defendant failed to remove the child from the track or warn or notify the parents of the danger.

Upon a careful examination and scrutiny of the entire testimony the Court is of the opinion that there was no evidence of negligence warranting submission of the case to the jury. All the evidence was to the effect that the child was not injured at the pipes or while on the pipes, but at least a car-length from the pipes. So that, if the pipes had constituted an "attraction to small children," the plaintiff's intestate was not injured on the pipes or by reason of the existence or location thereof.

The plaintiff relies upon the cases of *Powell v. R. R.,* 125 N. C., 370, and *Whitesides v. R. R.,* 128 N. C., 229. In both of these cases there was evidence that the injured party was on the track at the time of receiving the injury complained of. In the *Whitesides case* the defendant admitted in its answer that the plaintiff was injured on the trestle.

There is no evidence in this record that the child was on the track at the time the train passed. There was no physical evidence on or about the engine showing that the child had been struck by it, and the last time the child was seen before the injury shows "he had moved" and "was standing along by the edge of the ballast line, five feet from the rail."

The evidence, viewed in its most favorable light to plaintiff, creates no more than a suspicion, or conjecture, which is not sufficient to warrant a submission of the question to a jury. *Brown v. Kinsey,* 81 N. C., 245; *Seagrove v. Winston,* 167 N. C., 207; *S. v. Prince,* 182 N. C., 790; *S. v. Martin,* 191 N. C., 404. The judment as rendered is

Affirmed.