### GEORGE W. WILSON v. TILGHMAN LUMBER COMPANY.

(Filed 19 October, 1927.)

**Negligence—Fires—Evidence—Conjecture—Nonsuit.**

In order to recover damages to plaintiff's land against the defendant for the negligent setting out fire by the employees in taking up its tramway operated by steam locomotives, there must be evidence that will raise more than a conjecture that the fire that caused the damage was in some way attributable to the defendant, and it is *Held*, insufficient to be submitted to the jury upon the issue of negligence that the fire could have been started by an ignited stump, somewhere near or on the defendant's right of way, when it does not tend to show facts and circumstances that the defendant or its employees were reasonably responsible for the originating cause.

CIVIL ACTION before *Sinclair, J.,* at March Term, 1927, of SAMPSON. This action was instituted by the plaintiff against the defendant for damages by reason of the burning of young growth on plaintiff's land,

lightwood, straw, huckleberry bushes, rail fence, etc. At the conclusion of the evidence, and after one speech had been made to the jury by counsel for plaintiff, the trial judge directed the jury to answer the issues in favor of defendant.

From judgment rendered the plaintiff excepted and appealed.

*H. E. Faison and P. D. Herring for plaintiff.*
*Fowler & Crumpler for defendant.*

BROGDEN, J. The cause of action alleged by the plaintiff is as follows: "That thereafter, on Friday, the 20th day of April, 1923, the defendant company, by and through its agents and servants, after having cut over the lands and removed the timber therefrom, and while they were engaged in taking up and removing the iron rails and cross-ties from the roadbed, did negligently, carelessly and wrongfully permit fire to escape and get out from under control of its servants and employees and burned over a portion of plaintiff's said lands," etc.

A witness for plaintiff testified that there was a lightwood stump four or five feet from the railroad track which had been burning over near the end of the cross-ties, and that there were some "chunks" that looked like they had been burned. Witness said: "I passed there a day or two before and saw some hands pulling up the track and saw them loading T-irons. . . . They were taking up iron there Monday or Tuesday, and the fire was on Friday."

Another witness for plaintiff testified: "I was there on Wednesday before the fire started and saw the lightwood stump burning there. They were tearing up T-irons 100 yards from where the fire was and had torn it up where the fire was. . . . I saw the cars there on Wednesday. The cars were 20 yards to 150 yards from this stump. The stump was on fire Wednesday, and this fire started right around that stump. . . . The fire came from the railroad track which had been taken up a day or two before the fire."

Another witness testified: "The company was taking up the track at this place a day or two before the fire got out. They ran the train back and put the T-iron and cross-ties on it."

Plaintiff testified: "I saw the company's hands and agents taking up the track through the farm and down across the highway"; and, further, that after the fire he went to "a certain stump around which pieces of slabs lay, that had practically gone out, and the stump was burning some then. . . . They loaded the iron and cross-ties on a flat car which was pulled by an engine or locomotive."

The defendant offered no evidence.

The sole question to be determined is whether or not the trial judge was correct in directing a verdict in favor of the defendant.

It will be observed that the plaintiff does not allege that the defendant had any definite width of right of way or that the right of way was foul. It will be observed further that plaintiff alleges that on Friday, 20 April, 1923, the defendant negligently permitted "fire to escape and get out from under the control of its servants and employees and burned over a portion of said plaintiff's lands."

An analysis of the evidence discloses that on Wednesday morning a certain stump about five feet from the cross-ties of defendant's track was on fire. The track of defendant had been torn up at this point and the employees of the defendant were tearing up the track about 100 yards from the stump that was on fire. The cross-ties and T-irons were being loaded on cars pulled by an engine. There is no evidence that the engine had been within 100 yards of the burning stump. Indeed, it does not appear that the stump was not on fire before the engine arrived. There is no evidence that the engine was emitting sparks or putting out fire or that it was negligently operated or in defective condition. Reduced to final analysis, the plaintiff's evidence discloses that on Wednesday morning there was a burning stump within five feet of where defendant's track had formerly been located, and that at the same time there was an engine approximately 100 yards away, and that thereafter, to wit, on Friday fire apparently got out from this burning stump and damaged the land of the plaintiff.

The remarks of *Clark, C. J.,* in a concurring opinion in *Moore v. R. R.,* 173 N. C., p. 318, are pertinent to this case. The *Chief Justice* said: "While direct evidence that the fire was caused by the negligence of defendant is not required, but it may be inferred by the jury from the attendant circumstances, there must be more than bare evidence of a possibility, or even a probability, that the fire was so caused. As the counsel for the defendant well says, there must be more than the argument of solicitor, on one occasion: 'Gentlemen of the jury, there *was* a hog. *Here* is a negro. Take the case.' " So, in our case, it is not sufficient to show that here is a burning stump and yonder is an engine some distance away, without showing, at least, that the stump was not on fire before the engine arrived in the vicinity.

In *McBee v. R. R.,* 171 N. C., 111, this Court held that "mere proof of a foul right of way, without evidence that the fire was set out by a spark from a passing engine, is insufficient to establish actionable negligence. It has been repeatedly held that in addition to the foul condition of the defendant's right of way, plaintiff must prove that the fire was set out by the defendant in order to establish negligence." While,

of course, the origin of a fire can be proved by circumstantial evidence, yet the circumstances must have sufficient probative force to justify a jury in finding that the fire originated from a spark or was otherwise set out by defendant's engine before the issue can be submitted. *McCoy v. R. R.,* 142 N. C., 384; *Maguire v. R. R.,* 154 N. C., 384; *Moore v. R. R.,* 173 N. C., 311; *Dickerson v. R. R.,* 190 N. C., 292.

Upon the allegations in the complaint and the proof adduced at the trial, we are of the opinion that the trial judge was justified in directing the verdict.

Affirmed.