### STATE v. J. G. SWINSON.

#### (Filed 3 October, 1928.)

**Criminal Law—Evidence—Weight and Sufficiency—Nonsuit.**

> In order for the State to convict a defendant of a criminal offense it must show guilt beyond a reasonable doubt, and the sufficiency of the evidence in law to take the case to the jury does not depend upon the doctrine of chances, and a trial for the destruction of certain pages of a book in the office of the register of deeds, C. S., 4255, wherein the defendant's interest in so doing has been shown, it is required of the State to show that the offense was committed on the day the defendant had an opportunity to commit the offense, and a margin of several weeks, in which the offense might have been committed, during which time the books were open to the public generally, is insufficient evidence to be submitted to the jury, and defendant's motion as of nonsuit should have been allowed. C. S., 4643.

APPEAL by defendant from *Harris, J.,* at March Term, 1928, of ONSLOW. Reversed.

Indictment, containing three counts, each charging a violation by defendant and another of provisions of C. S., 4255, which are as follows:

"If any person shall steal or for any fraudulent purpose shall take from the register's office, or from any person having the lawful custody thereof, or shall unlawfully and wilfully obliterate, injure or destroy any book wherein deeds or other instruments of writing are registered, he shall be guilty of a misdemeanor."

The jury found that defendant is guilty, and that his codefendant is not guilty.

From judgment on the verdict, defendant appealed to the Supreme Court.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*

*Rouse & Rouse, Shaw & Jones and B. C. Beckwith for defendant.*

CONNOR, J. On the trial of this action in the Superior Court of Onslow County, there was evidence on behalf of the State tending to

show that the crime alleged in the indictment was committed by some person; that at some time during the three or four weeks preceding 16 January, 1928, some person went into the vault opening into the office of the register of deeds of Onslow County, and cut and removed from Book of Deeds, No. 26, pages 77 and 78; that there was registered on these pages a deed from Bryant Williams to Dr. Charles Duffy. These pages were in their proper place in said book on or about 1 September, 1927, when the attorney for the Duffy estate, who testified as a witness for the State, examined said book, and also at some time later during the fall of 1927, when a clerk in the office of the register of deeds examined said book, at the request of defendant, J. G. Swinson, and advised him that the deed from Bryant Williams to Dr. Charles Duffy was registered on said pages 77 and 78 of said book, No. 26. There is no evidence that the defendant had at any time seen the said book. Defendant cannot read.

There was evidence tending to show that defendant, J. G. Swinson, had an interest in the land described in the deed from Bryant Williams to Dr. Charles Duffy. Defendant had purchased said land at a tax sale made by the sheriff of Onslow County, on 5 October, 1925, and had taken a deed from said sheriff for said land. This deed was dated 3 August, 1927. The land was listed for taxes in the name of Bryant Williams Estate for the year 1925, subsequent to the date of the deed from Bryant Williams to Dr. Charles Duffy. On or about 1 September, 1927, defendant was informed by a letter from the attorney for the Duffy Estate of the existence of said deed, and that said deed was registered on pages 77 and 78 of Book No. 26, in the office of the register of deeds of Onslow County. This information was confirmed by the clerk in the office of the register of deeds, who at the request of defendant, examined said book some time three or four weeks prior to 16 January, 1928. The State contends that this evidence shows that defendant, J. G. Swinson, had a motive for destroying pages 77 and 78 of Book No. 26, on which the deed from Bryant Williams to Dr. Charles Duffy was registered.

There was evidence tending to show that defendant lives fifteen or eighteen miles from Jacksonville, the county-seat of Onslow County, at his home in the country; that on Friday, 13 January, 1928, defendant went to Jacksonville, and while there called at the office of the register of deeds, and requested permission to go into the vault, which opens into the office, saying that he wished to examine some records. Defendant cannot read, but was accompanied by his step-daughter, about 20 years of age, who can read, and who went into the vault with defendant. The register of deeds remained in his office, which was connected with the vault by a door, during all the time defendant and his step-daughter

were in the vault together. During this time the door was open and the register of deeds could see and did see defendant, as he walked about in the vault. Upon ascertaining that defendant and his step-daughter were unable to find the record, for which they were searching, the register of deeds went into the vault and inquired of defendant what record he wished to find. Defendant replied that he wished to find the record of a mortgage in which he was interested. The register of deeds thereupon found the record, and gave defendant the information which he was seeking. The step-daughter was not in the vault when the register of deeds went in. Defendant said that she had just stepped out.

On Monday, 16 January, 1928, the register of deeds discovered that pages 77 and 78 were missing from Book No. 26. The evidence showed that these pages had been cut and removed from said book. Both the office of the register of deeds and the vault, in which the records were kept, were open on Saturday, 14 January, 1928, and were accessible to all persons who wished to enter either. Defendant's home was searched by the register of deeds and others within a few days after 16 January, 1928, for the missing pages. They were not found. There was evidence of conflicting statements made by defendant and his step-daughter as to whether she found the record of the mortgage for which defendant and his said daughter were searching prior to the time the register of deeds went into the vault. There was no other evidence tending to show that defendant is the person who cut and removed the pages from the book, or that he was present when they were cut and removed.

The State contends that the evidence shows not only that defendant had a motive to commit the crime alleged in the indictment, but also that he had an opportunity to do so, and that from these facts the jury could find that the defendant is the person who committed the crime, or at least that he was present, aiding and abetting his step-daughter, who found the pages in the book at the request of defendant. Defendant contends that in the absence of evidence tending to show beyond a reasonable doubt that the crime was committed on Friday, 13 January, 1928, there was error in the refusal of the court to allow his motion for judgment as of nonsuit. C. S., 4643.

There was evidence tending to show that pages 77 and 78 were last seen in their proper place in Book No. 26, by the clerk in the office of the register of deeds, three or four weeks prior to 16 January, 1928. The only opportunity, according to all the evidence that defendant had to cut and remove the pages, was on Friday, 13 January, 1928. Whether the crime was committed on that day, or on some other day between the time the clerk saw the pages in the book and 16 January, 1928, when the register of deeds first discovered that the pages were missing, is wholly a matter of conjecture and speculation. There is nothing more

than a suspicion that the crime was committed on Friday, 13 January, 1928, the only day on which, according to the State's evidence, defendant had an opportunity to commit the crime. When the essential fact in controversy in the trial of a criminal action—in this case, the cutting and removal by defendant of the pages—can be established only by an inference from other facts—in this case, the motive and the opportunity to commit the crime—these facts must be established by the evidence beyond a reasonable doubt. Evidence which leaves the facts from which the inference must be made, matters of conjecture and speculation, is not sufficient to be submitted to a jury. The rule stated by this Court in *S. v. Vinson,* 63 N. C., 335, has been frequently approved. In that case *Rodman, J.,* says: "We may say with certainty that evidence which merely shows it possible for the fact in issue to be as alleged, or which raises a mere conjecture that it was so, is an insufficient foundation for a verdict and should not be left to the jury." In *S. v. Prince,* 182 N. C., 788, 108 S. E., 330, *Walker, J.,* says: "We may say generally that evidence should raise more than a mere conjecture as to the existence of the fact to be proved. The legal sufficiency of proof and the moral weight of legally sufficient proof are very distinct in the conception of the law. The first lies with the province of the court, the last within that of the jury. The sufficiency of evidence in law to go to the jury does not depend upon the doctrine of chances."

In this case there was no evidence legally sufficient to prove that defendant had an opportunity to commit the crime, alleged in the indictment, unless the jury should find beyond a reasonable doubt that the crime was committed on Friday, 13 January, 1928. In the absence of evidence from which the jury could so find, there was error in the refusal of the court to allow defendant's motion for judgment as of nonsuit. The judgment is therefore

Reversed.