STATE v. ALVIN JOHNSON.

(Filed 17 September, 1930.)

1. **Intoxicating Liquor B b—Evidence of defendant's guilt of possession of intoxicating liquor held insufficient to go to the jury.**

Where in a prosecution for possession and transporting intoxicating liquor, the evidence tends only to show that the defendant went with one storing intoxicating liquor in the barn of another, whom he had never seen before, in order to show him the way at the latter's request; that the liquor was afterwards found there by prohibition officers, without further evidence to connect the defendant with the violation of the law of transporting intoxicating liquor and having it in his possession for the pur-

pose of sale, it is not sufficient evidence of guilt to go to the jury, and the defendant's motion as of nonsuit, C. S., 4643, should have been granted.

**2. Criminal Law G m—Sufficiency of evidence to go to the jury.**

Evidence sufficient to take the case to the jury in a criminal action must tend to prove the fact in issue or reasonably conduce to its conclusion as a fair, logical and legitimate deduction, and not merely such as raises a suspicion or conjecture of guilt.

APPEAL by defendant, Alvin Johnson, from *Devin, J.,* at March Term, 1930, of VANCE.

Criminal prosecution tried upon a warrant charging the defendant with transporting intoxicating liquor and having the same in his possession for the purpose of sale, contrary to the statute, etc.

The evidence tends to show the following facts:

1. On the morning of 10 December, 1929, the defendant went to the home of Sam Jones and told him that he had some liquor which he would like to store with him for a few days. Jones had never seen the defendant before that morning.

2. In the afternoon of the same day, Oscar Tucker carried fifty-two gallons of liquor in a truck to the house of Sam Jones, and stored it in his feed barn.

3. Tom Coghill went with the defendant to Jones's house in the morning, and he also rode with Tucker, who hailed him on the street, to show him the way to Jones's house in the afternoon.

4. Oscar Tucker, a witness for the State, testified that he had no agreement or connection with the defendant concerning the liquor which was found by the officers in Jones's barn or any other liquor.

The defendant offered no evidence.

Demurrer to the State's evidence under C. S., 4643, overruled; exception.

Verdict: Guilty.

Judgment: Twelve months in jail with leave to hire out to work on public roads of Vance or any other county.

Defendant appeals, assigning error.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*

*A. A. Bunn and J. M. Peace for defendant.*

STACY, C. J. The evidence does no more than raise a suspicion, somewhat strong perhaps, of the defendant's guilt. It would require a repudiation of Tucker's testimony and a guess to bridge the hiatus in the State's case. Hence, under the principle announced in *S. v. Battle,* 198

N. .C., 379, 151 S. E., 927; *S. v. Swinson,* 196 N. C., 100, 144 S. E., 555; *S. v. Montague,* 195 N. C., 20, 141 S. E., 285; *S. v. Prince,* 182 N. C., 788, 108 S. E., 330; *S. v. Rhodes,* 111 N. C., 647, 15 S. E., 1038; *S. v. Goodson,* 107 N. C., 798, 12 S. E., 329; *S. v. Brackville,* 106 N. C., 701, 11 S. E., 284; *S. v. Massey,* 86 N. C., 660, and *S. v. Vinson,* 63 N. C., 335, the motion for nonsuit will be allowed.

It is sometimes difficult to distinguish between evidence sufficient to carry a case to the jury, and a mere scintilla, which only raises a suspicion or possibility of the fact in issue. *S. v. Bridgers,* 172 N. C., 879, 89 S. E., 804; *S. v. White,* 89 N. C., 462. The general rule is that, if there be any evidence tending to prove the fact in issue, or which reasonably conduces to its conclusion as a fairly logical and legitimate deduction, and not merely such as raises a suspicion or conjecture in regard to it, the case should be submitted to the jury. But as was said in the case where a darky was being prosecuted for the larceny of a pig, there must be more than the argument of the solicitor: "Gentlemen of the jury, there was a hog. Here is a negro. Take the case." *Wilson v. Lumber Co.,* 194 N. C., 374, 139 S. E., 760; *Moore v. R. R.,* 173 N. C., 311, 92 S. E., 1.

Reversed.