Criminal prosecution tried upon indictment charging the defendant with the murder of his wife, Lottie Carter.
The record discloses:
1. That Lottie Carter died at her home sometime during the night of 9 August, 1932. Her body was found the next morning about 7:30 o'clock, four to six hours after death. She was lying on the bed, partially covered with a sheet. Her infant child was playing on the bed beside her. She was in an advanced stage of pregnancy — within about a week of confinement. There was blood under the pillow and on the bed. The deceased was purging some at the mouth and nose, and a small quantity of bloody fluid was oozing from her vagina. She was not in labor, and her body had apparently been placed on the bed. She could not have died, quietly and without moving, in the position she was in. On the *Page 305 
afternoon before, the deceased had run some hogs out of the field, and had been warned by her father-in-law against such violent exercise.
2. The coroner, who is a physician, testified that in his opinion, a blow on the stomach, above the navel, caused the death of the deceased. On cross-examination, he testified that an autopsy was performed and "no bruises found inside the body." This was after the body had been embalmed.
3. The defendant had, on two previous occasions, been indicted for assaulting his wife. He was away from home on the night in question. Returning around 11:00 o'clock and finding the door fastened with the button on the inside, according to his testimony, he went to his father's house, about 400 years away, and spent the night. The next morning, he pushed the door open, and upon seeing his wife, jumped back and exclaimed: "Lord, she is dead."
4. The defendant did not view his wife's body after it had been removed to the undertaker's establishment.
Verdict: Guilty of murder in the second degree.
Judgment: Imprisonment in the State's Prison at hard labor for a term of not less than eight nor more than ten years.
Defendant appeals, assigning errors.
The evidence does no more than raise a suspicion, somewhat strong perhaps, of a homicide and the defendant's guilt. This is not enough on a prosecution for murder. S. v. Everett, 194 N.C. 442, 140 S.E. 22. The demurrer to the evidence will be sustained, and judgment of nonsuit entered here, C. S., 4643, on authority of the following cases: S. v. Church,202 N.C. 692, 163 S.E. 874; S. v. Johnson, 199 N.C. 429, 154 S.E. 730;S. v. Battle, 198 N.C. 379, 151 S.E. 927; S. v. Swinson, 196 N.C. 100,144 S.E. 555; S. v. Montague, 195 N.C. 20, 141 S.E. 285; S. v.Prince, 182 N.C. 788, 108 S.E. 330; S. v. Rhodes, 111 N.C. 647,15 S.E. 1038; S. v. Goodson, 107 N.C. 798, 12 S.E. 329; S. v. Brackville,106 N.C. 701, 11 S.E. 284; S. v. Massey, 86 N.C. 660; S. v. Vinson,63 N.C. 335.
The failure of the defendant to view his wife's body at the undertaker's establishment was no stronger circumstance than the failure of the defendant in S. v. Birkman, 198 N.C. 545, 152 S.E. 630, to provide suitable burial clothes and a casket for his wife's funeral.
Reversed. *Page 306