### STATE v. WILL WHITE.

(Filed 9 October, 1935.)

**Criminal Law I j: Assault B c—Evidence held insufficient to identify defendant as the perpetrator of the crime charged.**

> Evidence that on a certain day poison was put in the flour in the kitchen of the prosecuting witness, that the presence of the poison was discovered in an attempt to bake biscuits made from the flour, and that defendant had an opportunity on the day in question to have committed the act, without evidence of motive or that defendant ever had the poison in his possession, *is held* insufficient to establish the identity of the defendant as the perpetrator of the crime, and his motion for judgment as of nonsuit should have been allowed, and on appeal the judgment is reversed under the provisions of C. S., 4643.

APPEAL by defendant from *Sinclair, J.,* at August Term, 1935, of HALIFAX. Reversed.

This is a criminal action, in which the defendant Will White was tried on his plea of not guilty to an indictment in which he was charged with a felonious assault upon Mr. and Mrs. George T. Daniel, by secretly "putting poisonous arsenic in the dough from which biscuits were made for consumption by Mr. and Mrs. George T. Daniel, thereby inflicting serious injury to Mrs. George T. Daniel, not resulting in death." There was a verdict of guilty.

From judgment that he be confined in the State's Prison for a term of not less than seven or more than ten years, the defendant appealed to the Supreme Court, assigning as error the refusal of the trial court to allow his motion for judgment as of nonsuit, at the close of all the evidence. C. S., 4643.

*Attorney-General Seawell and Assistant Attorneys-General Aiken and Bruton for the State.*
*George C. Green and E. L. Travis for defendant.*

CONNOR, J. On or about 1 January, 1934, George T. Daniel and his wife, with their child, about five years of age, moved into a house, near Scotland Neck, in Halifax County, which was owned by Frank White, the father of the defendant Will White, and lived in said house until some time shortly after 12 February, 1934. The house contained nine rooms, and had been occupied by Frank White as his home prior to the death of his wife. Under an arrangement made by and between Frank White and George T. Daniel, Frank White reserved a room in said house for his own use, and had his meals with the family of George T. Daniel.

On Wednesday before Monday, 12 February, 1934, Will White, then about 22 years of age, who had been visiting relatives in Washington, D. C., returned to this State, and went to the house occupied by George T. Daniel and his family, to visit his father, Frank White, for a few days. He remained with his father, taking his meals with the family of George T. Daniel until Saturday night, when he went to Rocky Mount, N. C., to visit his wife, who was employed there as a nurse. The defendant and his wife were married to each other on or about 1 January, 1934. On Monday morning, 12 February, 1934, between 11 and 12 o'clock, the defendant returned from Rocky Mount, in his automobile, to the house in Halifax County, which was owned by his father and occupied by George T. Daniel and his family. The defendant parked his automobile in the front yard, at the usual place for parking automobiles, and went into the house. He went first into his father's room, and then into the kitchen. After he went into the kitchen, and while he was standing near the sink, washing his hands, George T. Daniel came into the kitchen and spoke to the defendant. At this time George T. Daniel observed an empty paper bag on a chair in the kitchen, and started to take it up, thinking that his son, who was in the kitchen, had left it on the chair. The defendant told Daniel that the paper bag belonged to him. The defendant, after he had washed his hands at the sink, took the paper bag and went to his father's room. He there changed his clothes and left the house.

Mrs. Daniel came into the kitchen about 2 o'clock to prepare supper for the family. She made biscuits from flour which was in a barrel in the kitchen and put the biscuits into the stove to bake. When she found that the biscuits would not bake, she notified her husband, who examined the biscuits and the flour in the barrel. There was evidence tending to show that there was a large quantity of arsenate of lead in the flour, and that for this reason the biscuits made from the flour would not bake. There was also evidence tending to show that arsenate of lead had been put in the flour in the barrel since Mrs. Daniel had made biscuits for breakfast that morning. There was no evidence tending to show that the defendant had arsenate of lead or any other poisonous substance in his possession when he went into the kitchen. Nor was there any evidence tending to show any motive on the part of the defendant to commit the crime charged in the indictment. The evidence tended to show only that the defendant had an opportunity, while in the kitchen on the morning of 12 February, 1934, to put poison in the flour from which the biscuits were made.

There was error in the refusal of defendant's motion for judgment as of nonsuit. See *State v. Johnson,* 199 N. C., 429, 154 S. E., 750, and cases cited in the opinion in that case. The judgment is reversed, and action remanded to the Superior Court of Halifax County to the end that a verdict of "Not guilty" may be entered, as provided by statute. C. S., 4643.

Reversed.