M. G. O'NEIL v. C. C. BRASWELL, TRADING AND DOING BUSINESS UNDER THE NAME OF CAROLINA FIREWORKS COMPANY, AND MYERS PARK CLUB, INC.

(Filed 8 May, 1940.)

**1. Negligence § 19a—**

Defendant club attempted to put on a fireworks display. Plaintiff, a member of the club, while acting as a member of the committee in charge of the display, was injured when a bomb, which was supposed to ascend 600 feet in the air before exploding, failed to ascend properly and exploded on the ground. *Held:* There is no sufficient evidence of any negligent act committed by defendant from which it could foresee that injury was likely to occur, and defendant's motion to nonsuit was properly granted.

**2. Evidence § 48—**

The exclusion of opinion testimony based upon hypothetical questions cannot be held for error when the court does not find as a fact that the witness was an expert.

O'NEIL *v.* BRASWELL.

APPEAL by plaintiff from *Johnston, Special Judge,* at June Extra Term, 1940, of MECKLENBURG. Affirmed.

Civil action to recover damages for personal injuries resulting from alleged negligent conduct of defendant.

On 4 July, 1938, defendant undertook to put on a fireworks display. At the request of the club manager, one Heil, a member of the club, acted as chairman in charge, and at the request of Heil plaintiff, who was also a member, acted as one of the committee. The plaintiff's particular duty was to place the bombs in the mortars provided therefor. When lighted the bombs were supposed to ascend to a height of 600 feet before exploding. After several bombs had been set off another was lighted but failed to ascend the usual distance. Instead it fell to the ground before it exploded. Those in charge noticed that it was falling prematurely and gave warning. The plaintiff and others ran and the plaintiff was thereafter found 107 feet from the mortar momentarily unconscious and suffering from certain personal injuries caused by the explosion.

At the conclusion of the evidence for the plaintiff, upon motion for the defendant, the court entered judgment of nonsuit. The plaintiff excepted and appealed.

*Robinson & Jones for plaintiff, appellant.*
*J. Laurence Jones for defendant, appellee.*

PER CURIAM. The unusual happening about which plaintiff complains might have been produced by any one of several causes, but the sufficiency of the evidence does not depend upon the doctrine of chances. *S. v. Prince,* 182 N. C., 788, 108 S. E., 330. We concur in the conclusion of the court below that there is no sufficient evidence of any negligent act by defendant from which it could foresee that injury was likely to occur.

The court below did not find as a fact that the witness Braswell was an expert. The exclusion of his opinion testimony, based upon a hypothetical question, cannot be held for error.

The judgment of nonsuit is
Affirmed.