STATE OF NORTH CAROLINA v. WILLIAM DON YARBOROUGH
No. 6910SC271

(Filed 18 June 1969)

**1. Robbery § 4— nonsuit — sufficiency of evidence**

In this armed robbery prosecution, the evidence *is held* sufficient to be submitted to the jury where it tends to show that two men robbed the prosecuting witness at the point of a knife, that defendant and another man identified by the robbery victim as a participant in the crime were seen running from the crime scene, and that defendant at that time was carrying a long knife in his hand.

**2. Criminal Law § 106— nonsuit — sufficiency of evidence**

There must be substantial evidence of all material elements of the offense to withstand a motion for nonsuit, it being immaterial whether the substantial evidence is circumstantial, direct or both.

APPEAL by defendant from *McKinnon, J.,* 13 January 1969 Session of Superior Court of WAKE.

Defendant was charged in a valid bill of indictment with armed robbery. Through his court-appointed counsel he entered a plea of not guilty. The jury found him to be guilty as charged, and, from judgment entered on the verdict, defendant appealed.

*Attorney General Robert Morgan by Deputy Attorney General Harrison Lewis and Trial Attorney Charles M. Hensey for the State.*

*Larry D. Johnson for defendant appellant.*

MORRIS, J.

[1] Defendant's only assignment of error is to the court's overruling his motion for judgment as of nonsuit at the close of the State's evidence and at the close of all the evidence.

The evidence presented taken in the light most favorable to the State tends to show: On 15 October 1968, at approximately 8:50 p.m., Harold Kenneth Wall was getting into his car which was parked in the Allright Parking Lot on Wilmington Street in Raleigh, North Carolina. He felt a sharp object in his back and was directed to do as he was told. A Negro man came in front of him and took his watch, and a man behind him took his billfold and some loose change and a five dollar bill from his pockets. He was told by the man behind him to get in his car. As he was doing so, the man who was behind him came around to the front of the car and he had in his hand a shiny object which appeared to be a knife which looked to be about six inches long. He was able to identify the one in front of him as Raymond DeWhit Howard. The two ran easterly toward

Hargett Street. They did not leave from the Wilmington Street exit, and the Hargett Street and Wilmington Street exits are the only two exits from the parking lot. Wall went immediately to the police station, a distance of some four blocks, and reported the robbery.

Detective A. E. Morris and another officer were in an unmarked patrol car on the same night between 8:50 and 9 o'clock and had stopped for the traffic light at Hargett and Blount Streets headed west. He saw two Negro males running very fast across Hargett Street from the Allright Parking Lot. They went into an alley which had no other exit than on Blount Street — there being no doors along the alley, but solid walls down both sides. The lights on the patrol car were turned off, as the officers turned left on Blount Street and headed south where they could see the two males come from the alley. In just a few seconds, they saw the two running very fast come from the alley headed due east toward them and the officer turned the car lights on and ran the car in front of the two Negro males. One of them, Howard, ran up to the right-hand door of the car and the other, Yarborough, ran up to the right front fender and stopped. One officer grabbed Howard, and Officer Morris, who was driving, jumped out to grab Yarborough, but he ran. Officer Morris chased him for a short distance, but came back and got the car and drove around the block. When he got to the corner of Person and Martin Street, Yarborough was "angling" toward him but made a turn and headed out the other corner of Nash Square, ran through the Rescue Mission Parking Lot and into some bushes. Officer Morris was not able to apprehend him but did arrest him the following Sunday morning. He testified that though he could not that night call Yarborough by name, he knew him, having seen him for several years in and around Raleigh — court, jail, and different places. He was positive that the man who ran in front of the police car was William Don Yarborough. He had in his hand a knife that appeared to be a butcher knife, it had a round blade on one side and the blade appeared to be approximately eight inches long. The knife was in his right hand and his left hand was clutched. Yarborough was wearing dark pants and a short sleeved knit shirt which was dark. His hair was "sort of in a pompeii type process, same way it was on Sunday morning when I arrested him."

Defendant contends that the evidence does no more than raise a suspicion that the defendant was a participant in the robbery, and, therefore, the case should not have been submitted to the jury. We disagree.

[2]    As was said by Higgins, J., in *State v. Stephens*, 244 N.C. 380, 93 S.E. 2d 431:

" 'If there be any evidence tending to prove the fact in issue or which reasonably conduces to its conclusion as a fairly logical and legitimate deduction, and not merely such as raises a suspicion or conjecture in regard to it, the case should be submitted to the jury.' The above is another way of saying there must be substantial evidence of all material elements of the offense to withstand the motion to dismiss. It is immaterial whether the substantial evidence is circumstantial or direct, or both. To hold that the court must grant a motion to dismiss unless, in the opinion of the court, the evidence excludes every reasonable hypothesis of innocence would in effect constitute the presiding judge the trier of the facts. Substantial evidence of guilt is required before the court can send the case to the jury. Proof of guilt beyond a reasonable doubt is required before the jury can convict. What is substantial evidence is a question of law for the court. What that evidence proves or fails to prove is a question of fact for the jury. S. v. Simpson, ante, 325; S. v. Duncan, ante, 374; S. v. Simmons, supra [240 N.C. 780, 83 S.E. 2d 904]; S. v. Grainger, 238 N.C. 739, 78 S.E. 2d 769; S. v. Fulk, 232 N.C. 118, 59 S.E. 2d 617; S. v. Frye, 229 N.C. 581, 50 S.E. 2d 895; S. v. Strickland, 229 N.C. 201, 49 S.E. 2d 469; S. v. Minton, 228 N.C. 518, 46 S.E. 2d 296; S. v. Coffey, 228 N.C. 119, 44 S.E. 2d 886; S. v. Harvey, 228 N.C. 62, 44 S.E. 2d 472; S. v. Ewing, 227 N.C. 535, 42 S.E. 2d 676; S. v. Stiwinter, 211 N.C. 278, 189 S.E. 868; S. v. Johnson, supra [199 N.C. 429, 154 S.E. 730]."

[1]    The evidence here amply meets the test, and the trial court committed no error in submitting it to the jury for decision.

No error.

CAMPBELL and PARKER, JJ., concur.