GUANO CO. v. MARKS.

(Filed April 12, 1904).

1. NEGOTIABLE INSTRUMENTS—*Payment—Burden of Proof.*

Where a party admits the execution of a note, the burden of showing payment is on the payor.

2. NEGOTIABLE INSTRUMENTS—*Receipts—Payments—Evidence.*

In an action on a promissory note, a receipt from the payee to the payor, not referring to any particular debt, is some evidence of payment, there being no evidence of any other indebtedness between the parties.

ACTION by F. S. Royster Guano Company against W. A. Marks, heard by *Judge Walter H. Neal* and a jury, at July Term, 1902, of the Superior Court of STANLY County. From a judgment for the plaintiff the defendant appealed.

*R. L. Smith* and *R. E. Austin,* for the plaintiff.
*Z. B. Sanders,* for the defendant.

MONTGOMERY, J. This action was a consolidation of two appeals by the plaintiff from two judgments of a justice of the peace. On the trial below the plaintiff introduced in evidence three promissory notes executed by the defendant to the plaintiff on April 10, 1900, each in the sum of one

hundred dollars and payable one day after date. The defendant admitted the execution of the notes and offered in evidence a receipt in the nature of a letter written from Norfolk, Va., to him by the plaintiff, dated on November 19, 1900, in the following words and figures:

"We beg to acknowledge the receipt of yours of 19th enclosing check for $103, for which you will please accept our thanks"; and also another receipt by way of a letter in the precise words and figures of the first, except that it was dated November 26th, and referred to the receipt of the $100 check as having been sent by the defendant on the 24th. It appears from the record that the plaintiff objected to those receipts but it does not appear upon what grounds, and his Honor then remarked that he would permit the defendant to tender these receipts and see if he would make them competent later on by showing what debts those remittances were to be applied to by agreement of the parties. The defendant thereupon closed his case. His Honor then intimated that he would charge the jury that if they believed the evidence they would allow the plaintiff the full amount demanded according to the face of the notes. Upon that intimation the defendant moved to reopen the case; the motion was overruled and the Court instructed the jury that if they believed the evidence the first issue, "Is the defendant indebted to the plaintiff?" should be answered "Yes," and the second, "If so, in what amount?" "$325.55," with interest.

We think there was error in the proceedings. There was no evidence of any transaction between the parties except the indebtedness above set forth, and the receipts bear dates subsequent to the maturity of the notes sued upon. Those receipts therefore, in our opinion, furnish some evidence tending to show payment upon the indebtedness and they were competent for that purpose. They should have been

GUANO CO. *v.* MARKS.

admitted without putting the defendant upon the further proof that the credits were not made as part payments on other indebtedness of the defendant if such existed. When the defendant admitted the execution of the notes the *onus* of proving payment was put upon the defendant. The evidence offered by him for that purpose was sufficient to have been submitted to the jury to show that the amounts mentioned in the receipts had been applied to the payment of the notes. In his instructions to the jury his Honor considered that the receipts furnished no evidence of payment, but we are not of that opinion. In a memorandum attached to the statement of the case on appeal his Honor, in explanation of his ruling on the question of evidence, stated that he would in his discretion have reopened the case, but upon an investigation of the facts he was of the opinion that the receipts tendered had been mutilated, that they were to be applied to other indebtedness of the defendant to the plaintiff, and that those parts of the receipts showing that fact had been detached from the receipts. Those facts, which his Honor found upon investigation, showing a mutilation of the receipts, ought to have been submitted to the jury in order that they might pass upon the fact as to whether the amounts mentioned in the receipt should have been credited upon the debts sued upon.

New Trial.