CRESCENT LIQUOR COMPANY v. JOHNSON, VAUGHAN & CO.

(Filed 11 December, 1912.)

1. Intoxicating Liquors—Contracts—Illegal Consideration—Enforcement.

The courts will not enforce a contract made in violation of its own laws, and checks given in payment for intoxicating liquors purchased in North Carolina in violation of our prohibition laws are not collectible in our courts.

2. Same—Conjectural Evidence—Liquor Dealers—Checks—Burden of Proof.

When the payment of checks are resisted on the ground that they were given for the purchase of intoxicating liquors in North Carolina prohibited by our prohibition laws, the burden is on the defendants to show that they were so given, and mere conjectural circumstances or probabilities are not evidence sufficient; and no presumption of illegality arises from the fact that

LIQUOR CO. *v.* JOHNSON.

the plaintiffs were liquor dealers, or that the defendants kept a restaurant and dealt in "soft drinks," etc., and not in intoxicants.

APPEAL by plaintiff from *Long, J.,* at April Term, 1912, of BUNCOMBE.

The facts are sufficiently stated in the opinion of the Court by *Mr. Justice Walker.*

*W. P. Brown and J. D. Murphy for plaintiff.*
*No counsel for defendant.*

WALKER, J. This action is brought to recover the amount of three checks given by defendants to the plaintiff, one dated 7 January, 1911, for $100, another dated 24 January, 1911, for $85, and still another dated 7 February, 1911, for $98. The first was dated at Canton, N. C., and the second at Asheville, N. C. They were drawn on the Bank of Canton to the order of the plaintiff. The jury returned the following verdict :

1. Did the defendant firm execute and deliver the checks and for the amounts alleged and at dates alleged in the complaint? Answer: Yes.

2. Was the contract made between the plaintiff and defendants made in North Carolina, as alleged in the answer? Answer: Yes.

3. Were said checks executed and delivered and the contract made in this State, for the sale of intoxicating liquors in violation of the laws of North Carolina, as alleged in the answer? Answer: Yes.

Judgment was entered for the defendant, and plaintiff appealed.

It appears on the face of one of the checks that Johnson, Vaughan & Co. were dealers in "hot and cold lunches, soft drinks, fruits, cigars, cigarettes and tobacco." The defense was that the checks were given for the sale of liquor, contrary to our statute prohibiting the sale of liquor in the State, and upon the principle that where a contract is entered into by the parties for the purpose of doing something that is prohibited by law, it is not enforcible, as the law will not lend its support to a claim founded upon a violation of itself. Clark on Contracts

(2 Ed.), p. 265, and cases in Note 38; *Vinegar Co. v. Hawn,* 149 N. C., 355; *Kelly v. Courter,* 1 Okla., 277; Broom's Legal Maxims, 108; *King v. Winants,* 71 N. C., 469; *Oscanyan v. Arms Co.,* 103 U. S., 261; *Ewell v. Daggs,* 108 U. S., 143; *Aiken v. Blaisdell,* 41 Vt., 655. In *Holman v. Johnson,* Cowp., 341, *Lord Mansfield* said: "The principle of public policy is this: *ex dolo malo non oritur actio.* No court will lend its aid to a man who founds his cause of action upon an immoral or an illegal act. If from the plaintiff's own stating or otherwise the cause of action appear to arise *ex turpi causa,* or the transgression of a positive law of this country, then the Court says he has no right to be assisted. It is upon that ground the Court goes, not for the sake of the defendant, but because they will not lend their aid to such a plaintiff."

There is no element of interstate commerce in this case, as the entire transaction was conducted in this State. The simple and single question is, whether there was any evidence that the checks were given for the price of liquor sold by the plaintiff to them, and we think, after a careful examination of the testimony in the case, that there was not. We have settled upon the principle, in regard to the probative force of evidence, and when considering the question whether there is any legal evidence of the fact in issue, as expressed in *S. v. Vinson,* 63 N. C., 335, and approved in numerous more recent decisions: "It may be said with certainty that evidence which merely shows it possible for the fact in issue to be as alleged, or which raises a mere conjecture that it was so, is an insufficient foundation for a verdict, and should not be left to the jury." See *Byrd v. Express Co.,* 139 N. C., 273; *Young v. R. R.,* 116 N. C., 932; *Brown v. Kinsey,* 81 N. C., 245; *Cobb v. Fogalman,* 23 N. C., 440; *Sutton v. Madre,* 47 N. C., 320; *Pettiford v. Mayo,* 117 N. C., 27; *Lewis v. Steamship Co.,* 132 N. C., 904. We said in *Campbell v. Everhart,* 139 N. C., 503: "The sufficiency of evidence in law to go to the jury does not depend upon the doctrine of chances. However confidently one, in his own affairs, may base his judgment on mere probability as to a past event, when he assumes the burden of establishing such event as a proposition of fact and as a basis for the judgment of a court, he must adduce evidence

LIQUOR CO. *v.* JOHNSON.

other than a majority of chances that the fact to be proved does exist. It must be more than sufficient for a mere guess, and must be such as tends to actual proof. But the province of the jury should not be invaded in any case, and when reasonable minds, acting within the limitations prescribed by the rules of law, might reach different conclusions, the evidence must be submitted to the jury," citing authorities.

In this case there was no legal evidence that the checks were given for the price of liquor, nor was there any evidence that liquor was sold by the plaintiff to the defendant in this State. The only fact upon which the defendants can rely, and of which there was proof, is that the plaintiffs were liquor dealers. There is no presumption of law or fact that a check or note payable to a man, who may be engaged in the sale of liquor, was given for the price of liquor. That fact might form the basis of a conjecture or a guess that it was, but there are so many other things it could be given for, that it would be extremely unsafe to rely upon such a circumstance as proof of the fact. The mere fact that a note is given to a merchant is no evidence that it was given for articles of merchandise, or to a horse dealer, that it was given for a horse. It is also argued by the plaintiffs that as one of the checks showed, on its face, that defendants were engaged in the business of keeping a restaurant and sold "hot and cold lunches, soft drinks, fruits, cigars, cigarettes and tobacco," that it constitutes evidence of the sale of liquor, but we think not. It rather strengthens the plaintiff's contention, for defendants were not retail dealers in liquor; they did not sell liquor by the small measure, but dealt, as it appears, in other kinds of merchandise. Without going over the evidence in detail, we may say generally that there is no proof upon which anything more than a mere guess could be based, as to the main and essential fact to be established.

The court, therefore, erred in submitting the case to the jury, with an instruction predicated upon the existence of evidence sufficient in law to prove the fact that the notes were given for liquor. He should have charged the jury that there was no evidence of such fact, and then directed them to return a verdict for the plaintiff. This necessitates another trial.

New trial.