C. V. SWAN, Administrator of DAVID K. O'NEAL, v. V. V. CARAWAN et al.

(Filed 24 March, 1915.)

1. **Bills and Notes—Execution—Payment—Trials—Burden of Proof.**
   Where the plaintiff proves the execution by the defendant of a note, the subject of the action, he is entitled to recover thereon unless payment is shown by the defendant, the burden of showing payment resting on the latter.

2. **Courts—Expression of Opinion—Interest of Witness—Trials.**
   In proceedings by an administrator to sell lands of deceased to make assets to pay debts, the execution of the note was testified to by the plaintiff, and a witness for the defendant testified that the note had been paid and that he had a mortgage on the land in question. *Held*, it was error for the court to charge the jury that the defendant's witness was not interested in the result of the action, such being an expression of his opinion upon the weight of the evidence prohibited by statute, which was exclusively for the determination of the jury.

APPEAL by plaintiff from *Peebles, J.,* at October Term, 1914, of PAMLICO.

Proceeding to sell land for assets, heard in the Superior Court upon appeal from the clerk.

The only issue submitted to the jury was as to the indebtedness of the intestate.

The plaintiff introduced a note and a witness who testified that he saw the deceased execute it.

The defendant relied upon the plea of payment, and introduced a witness, Mr. Watson, who testified that he saw the deceased pay the indebtedness. On cross-examination this witness, Watson, testified that he did not consider that he owned the land yet which the plaintiff was seeking to sell, but that he held a mortgage deed on the land.

His Honor charged the jury as follows: "The plaintiff swears that Mr. O'Neal signed the note. There was no objection to his testimony. If there was, I would have ruled it out, as he was interested in the result of the suit. There was no objection; therefore, it is your duty to consider it; but when you consider it, remember that he is interested in the result of this suit, and ascertain the best you can what effect his interest would have upon the truthfulness of his testimony; then give to his testimony that weight and effect under all the circumstances you think it is entitled to. It does not appear that Watson is an interested witness, and the whole matter depends upon whether or not you believe Watson, who says that the note was paid, or the plaintiff, who says that it has never been paid. The burden is upon the plaintiff to satisfy you by the greater weight of the evidence that the note was never paid, and that something is due, and what amount is due."

The plaintiff excepted to that part of the charge stating that it did not appear that Watson was an interested witness, and to that part that the burden was upon the plaintiff to satisfy the jury that the note was never paid.

There was a verdict for the defendant, and from the judgment thereon the plaintiff appealed.

*Z. V. Rawls for plaintiff.*
*No counsel for defendant.*

ALLEN, J. When the plaintiff proved the execution of the note by the intestate, he was entitled to have the issue of indebtedness answered in his favor unless the defendant established his plea of payment, and the burden of proof upon this plea was on the defendant. *Guano Co. v. Marks,* 135 N. C., 59.

It was therefore error to charge the jury that the burden was on the plaintiff to prove that the note had not been paid.

The witness, Watson, upon whom the defendant relied in support of his plea, admitted on cross-examination that he held a mortgage on the land which the plaintiff was seeking to sell, and it was for the jury and not for the judge to say whether this fact would affect his testimony, and the statement of his Honor that it did not appear that this witness was interested was an expression of opinion upon the weight of evidence which the law does not permit.

There must be a
New trial.