RALEIGH BANKING AND TRUST COMPANY v. W. D. CLARK.

(Filed 18 October, 1916.)

**1. Bills and Notes—Trials—Evidence—Prima Facie Case—Defects—Burden of Proof.**

Where a holder of a promissory note sues thereon, he makes out a *prima facie* case which will entitle him to a verdict, by introducing the note and proving same and the indorsement thereon, if he is not the payee; but where defects and irregularities are set up by the defendant sufficient to avoid the note, with evidence tending to prove them, the burden is upon the plaintiff to show that he acquired the note before its maturity and without notice, as a holder in due course; and if this is so found by the jury, he is entitled to a verdict, though the defendant has established, with the burden on him, that the note was, in fact, defective.

**2. Same—Issues—Judgments.**

Where in an action by an indorsee of a promissory note the defendant pleads defects therein, and offers evidence that its validity depends upon a loan to be secured by the original payee, which was not done, an issue

answered in defendant's favor, that plaintiff was not a purchaser for value, without notice, before maturity, is not sufficient to sustain the judgment, the requisites as to the burden of proof being lacking in the case.

CIVIL ACTION tried at April Term, 1916, of WAKE, before *Connor, J.,* upon these issues:

1. Is the plaintiff a corporation, duly authorized to conduct a banking business in the State of North Carolina, as alleged in the complaint? Answer: "Yes."

2. Is the plaintiff purchaser for value without notice, and before maturity, of the note set out in the complaint? Answer: "No."

3. In what sum, if any, is defendant indebted to plaintiff on note set out in complaint? Answer:

Upon the findings the court adjudged that plaintiff was entitled to recover nothing. Plaintiff appealed.

*Willis Smith for plaintiff.*
*S. Brown Shepherd for defendant.*

BROWN, J. This action is brought to recover on a note for $596.80, alleged to have been executed by defendant to John M. Hammer, dated 22 December, 1913, due six months after date and indorsed by Hammer to plaintiff 20 March, 1914.

In his answer defendant alleges that the note sued on was given to said Hammer as premium upon a policy of life insurance to be issued by the New York Life Insurance Company, of which said Hammer was agent; that the note was executed upon condition that said Hammer would arrange to make defendant a loan of money through said insurance company, based upon said policy, otherwise the note was not to be paid; that the insurance company failed to make said loan, and required a medical examination, and thereon defendant wrote at once and canceled the application for insurance; that the loan was never made and the policy of insurance was never accepted by defendant. Upon these pleadings the court submitted the three issues above set out, the third of which was never answered.

Upon those findings the court erred in rendering judgment for defendant, as the issues submitted and answered are not determinative of the case. *Bryant v. Ins. Co.,* 147 N. C., 181.

The law bearing upon negotiable instruments, as to when a holder of a note is one in "due course," has been well settled by the leading case of *Bank v. Fountain,* 148 N. C., 590, in a well considered opinion by *Mr. Justice Hoke,* which has been frequently cited and approved. In that case it is held: "When it is shown that a negotiable instrument

sued on has been procured by fraud, or there is evidence tending to establish it, it is necessary for a recovery by one claiming to be the holder in due course to show by the greater weight of the evidence that he acquired the title (1) before maturity; (2) in good faith for value; (3) without notice of any infirmity or defect in the title of the person negotiating it. Revisal, secs. 2201, 2208."

When plaintiff put in evidence the note sued on and proved its execution and indorsement, a *prima facie* case was made out which, if believed, entitled plaintiff to verdict and judgment. It was then "up to defendant," as the phrase goes, to introduce evidence tending to establish the defense to the note set up in his answer. When this was done, the burden of proof rested on plaintiff to offer evidence and to satisfy the jury that plaintiff acquired the note in due course, that is to say, before maturity, for value and without notice of the defect or equities set up against it. The plaintiff is required to satisfy the jury as to these essentials of a holder in due course because they are matters within the exclusive knowledge of its officers. But plaintiff is not required to do this until the defendant has offered evidence tending to establish the allegations of his answer setting up fraud, want of consideration, or other defect in the note.

The defendant was not entitled to judgment upon the issues submitted and answered, because no issue has been submitted and answered establishing the defect in the note averred in his answer.

If defendant fails to establish his allegations, plaintiff would be entitled to judgment upon the note without further proof than that necessary to make out the prima facie case referred to. If defendant establishes his defense by proof satisfactory to the jury, the plaintiff may nevertheless recover by likewise satisfying the jury that it took the note in due course, that is, before maturity, for value, and without notice of the defect.

New trial.