DURHAM CONSTRUCTION COMPANY v. R. H. WRIGHT.

(Filed 15 April, 1925.)

**1. Contracts—Breach—Personal Service—Measure of Damages.**

A contract for buying material for a building and superintending its construction is one calling for the personal services of the ones thus undertaking to furnish their services; and upon the breach thereof by the other party in otherwise constructing his building, the measure of damages is the actual net loss after payment of expenses sustained by them, as measured by the contract price and terms agreed upon, less such amount as they may have reasonably been able to reduce the amount first ascertained.

**2. Same—Actions.**

Where the plaintiff has breached his contract of employment of a contractor to buy the materials for and superintend his building upon a percentage basis of the cost, the defendant may elect to take the course of awaiting the completion of the building and suing for the full amount of his damages, or he may sue from time to time as payments may have become due, as provided for in the contract of employment.

**3. Same—Diminution of Damages—Burden of Proof—Evidence—Trials.**

Where the plaintiff seeks to have the amount of damages reduced by such sums as the defendant could have reasonably avoided upon plaintiff's breach of a contract of employment to buy material for and superintend the erection of his building, the burden of proof as to such diminution of damages is on the plaintiff, upon which it is competent to show the amount of contract work of this character the defendant had done in this locality during the life of the contract sued on.

**4. Instructions — Misleading — Appeal and Error—Requests for Instruction.**

Where the judge, in his charge to the jury, instructs them upon principles of law arising from the pleadings and evidence, and omits therefrom such elements of the principles involved as will render the charge he has given misleading, an exception to the charge so given is sufficient for an appeal without requiring that a special instruction thereon should have been tendered and refused.

APPEAL by defendant from *Calvert, J.,* at January Term, 1925, of DURHAM.

The plaintiff, doing a general contracting business in building houses, complained against the defendant for damages, on account of the breach of a contract by which plaintiff was to receive 7% commission on the cost of material and labor to build a store building on Main Street, in Durham. Plaintiff was to superintend the construction and buy the material and keep the laborers' time.

The defendant denied plaintiff's claim and contended that he made no contract with plaintiff for this work and was indebted to plaintiff in no sum, whatever.

The jury returned the following verdict:

"1. Did the plaintiff and defendant enter into a contract to build certain store buildings, on Main Street, for the defendant, as alleged in the complaint? Answer: 'Yes.'

"2. Did the defendant breach said contract, as alleged in the complaint? Answer: 'Yes.'

"3. If so, what amount of damages is the plaintiff entitled to recover of the defendant by reason of the breach of said contract? Answer: 'Sixteen hundred dollars ($1,600).' "

The court charged the jury that, "the rule of damages under the third issue, briefly stated, would be the net profit, if any, the plaintiff construction company would have made if it had been permitted to carry out its alleged contract." The court then follows this with an explanation as to the method of finding the cost and computing thereon 7% of the total cost, and of deducting therefrom the expenses the plaintiff would have incurred in performing the contract, on its part.

The court again instructed the jury, "that, if you come to answer the third issue you will answer it what you find from the evidence and by the greater weight of it, was the net profit, if any, that the plaintiff, construction company, would have made, if the contract had been carried out as contemplated."

The defendant excepted to these instructions to the jury, and to several rulings on the competency of evidence.

*Brawley & Gantt for plaintiff.*
*Brogden, Reade & Bryant for defendant.*

VARSER, J. The rule of damages applied in this case is the object of defendant's exceptions to the charge of the trial court. This contract, as established by the verdict, calls for the personal services of the "two active members in the company," Bowles and Wilkerson, in buying material and superintending the construction of the building on Main

Street." Their personal skill, experience and ability, in so doing, were evidently among the causes for defendant to make this contract.

*Burch v. Bush,* 181 N. C., 125, gives, although reviewing the question from another standpoint, this suggestion: "To be sure, in the broad outlines, certain contracts are not difficult of classification. Those of a strictly personal nature, involving particular personal skill or taste, such as a contract of an author to write a book, an artist to paint a picture, a sculptor to carve a piece of statuary, a singer to give a concert, and a promise to marry, are personal contracts." Upon the same reasoning, the contract, in the instant case, to buy materials and superintend the construction of a building, calls for personal skill and service. The employment of these two men, for these purposes, by the month or by the job, payable in installments, or a lump sum, at the time agreed, would have been the same as the contract established by the verdict on the first issue.

In *Bowman v. Blankenship,* 165 N. C., 519, the Court discusses the same question and says: "If this had been a contract for plaintiff's services or even for the use of a certain mill owned and run by plaintiff, the position might be made available to defendant." The "position" referred to is the rule of diminishing the damage to the extent of the work done for other persons within the period covered by the contract.

The distinction between the cases requiring the personal service of the contractor, and those not requiring it, is discussed upon the question of assignability of executory contracts, in *Schlesinger v. Forest Products Co.,* 30 L. R. A. (N. S.), 347; *R. R. v. R. R.,* 147 N. C., 368; *Simmons v. Zimmerman,* 1 A. & E. Ann. Cas., 850. In an elaborate note to the latter case, the authorities are collected.

In *Foster v. Callaghan,* 248 Fed., 944, it is held that, the contract between an author and publisher is personal, requiring the personal services of the publisher.

Since it appears conclusively, not only as a matter of law, that the contract, in the instant case, calls for the personal services of the plaintiff's active officers, but from the record, it also appears that this is true as a matter of fact, and it necessarily follows that, the rule of damages, applicable to the instant case, is the rule covering contracts for personal services, and that compensation for the *loss* sustained is the true rule.

In *Hassard-Short v. Hardison,* 114 N. C., 482, *Avery, J.,* says: "The defendants had a right to demand that the jury consider in diminution, any profit which it had been shown the plaintiff realized, or might, by reasonable diligence, have realized, by purchasing logs from others, or by entering into any new agreement with defendants and continuing to saw during the same period. It is the duty of one who is the sufferer

from a breach of contract to act like a man of ordinary prudence, and reduce his damage as far as he can reasonably do so." *Coal Co. v. Ice Co.,* 134 N. C., 574; *Oldham v. Kerchner,* 79 N. C., 106; *Hendrickson v. Anderson,* 50 N. C., 247; *Tillinghast v. Cotton Mills,* 143 N. C., 269.

In *Smith v. Lumber Co.,* 142 N. C., 26, *Walker, J.,* with his usual diligence and learning, collects the authorities and formulates the four remedies, among which the employee may elect, when the employer has wrongfully breached the contract of employment; and the rule applicable to the instant case, is as follows: "He may wait until the end of the contract period, and then sue for the breach, and the measure of damages will be prima facie the salary for the portion of the term unexpired when he was discharged, to be diminished by such sum as he has actually earned, or might have earned by a reasonable effort to obtain other employment." *Markham v. Markham,* 110 N. C., 356.

Of course, this rule is not invoked out of any undue concern for the party who breaches his contract without a valid excuse, but the courts are chiefly concerned, when the wrongful breach of a contract has been properly established, in making the plaintiff whole and in securing to him his rights under the contract. *Advertising Co. v. Warehouse Co.,* 186 N. C., 197.

However, such concern, on the part of the courts, will not let them permit the plaintiff to recover more damages than his actual loss is; consequently, the plaintiff has lost nothing, except the contract price, less the expenses that he would have incurred in performing it, on his part, and less the amount that he would have earned during the same period in such other employment as he could have obtained by the exercise of ordinary prudence and diligence.

In *Mills v. McRae,* 187 N. C., 707, *Justice Stacy* (now *Chief Justice*) uses this impressive language: "It is a sound principle of law, and certainly approved in morals, that one who is injured in his person or property by the wrongful or negligent act of another, whether arising *ex delicto* or *ex contractu,* is required to protect himself from loss, if he can do so with reasonable exertion, or at trifling expense; and ordinarily he will be allowed to recover from the delinquent party only such damages as he could not, with reasonable effort, have avoided."

While the burden is on the defendant to show matters in diminution of plaintiff's damages (*Hendrickson v. Anderson,* 50 N. C., p. 250), we perceive from the instant record, that it was in evidence that the plaintiff has continued in business as a general contractor in building houses, in the city of Durham, at all times since the treaty began with the defendant, concerning the contract established by the verdict herein, and that the defendant was entitled to have this view of the case submitted to the jury.

The plaintiff challenged the right of the defendant to present this question in an exception to the charge, because the defendant did not ask, in writing, for any special instructions on this question. It appears to us not to be necessary, in the instant case, in order to present this question, that a written request should have been made. The true rule appears in *Strunks v. Payne,* 184 N. C., 582.

Whenever the trial court attempts to state the rule of law applicable to the case, he should state it fully and not omit any essential part of it. The omission of any material part is, necessarily, error of an affirmative or positive kind. Therefore, it may be taken advantage of on appeal, by an exception to the charge, without a special request for the omitted instruction.

The defendant also seeks to present the question as to whether the plaintiff's damages are prospective, and are such as have not yet accrued; and that, therefore, he was entitled to invoke the doctrine known as the "present-worth rule." The instant record does not, in onr opinion, present this question with sufficient certainty for the Court now to pass upon it. It would appear that all the plaintiff's damages had accrued when this action was instituted, but, inasmuch as this is not certain, and this question may not arise upon the next trial, it is not decided.

For the reasons pointed out, upon the issue of damages only, let there be a

New trial.