A. J. COLLINS v. W. M. VANDIFORD.

(Filed 31 October, 1928.)

**1. Evidence—Burden of Proof.**

> The correct rule of law as to the burden of proof is a matter of substantial right to the party who has been prejudiced thereby.

**2. Same.**

> In an action to recover upon a note secured by a title retaining contract of sale, where the defense is that the amount was raised after execution and delivery, the burden is on the defendant to show this by the greater weight of the evidence, and a charge is erroneous that he must prove his defense by clear, strong and convincing proof, or find the issue for the plaintiff, as placing on defendant a greater burden than the law requires of him.

**3. Appeal and Error—Review—Harmless Error—Instructions.**

> Where the charge of the court is erroneous in favor of the plaintiff, it will not be held for reversible error on his appeal.

APPEAL by plaintiff from *Harris, J.,* at February Term, 1928, of CRAVEN. No error.

The issue submitted to the jury and their answer thereto was as follows: "In what amount, if any, is the defendant indebted to the plaintiff? Answer: Nothing."

*McKinnon Carmichael for plaintiff.*
*D. L. Ward for defendant.*

CLARKSON, J. This is a civil action to recover $100, alleged to be due on a note (conditional sale agreement) made by defendant to plaintiff on purchase of a Ford truck. Defendant denied liability and alleged: "That after the said conditional sale agreement and buyer's statement had been executed and delivered to the plaintiff, the purchase price of $350 was wrongfully, falsely and fraudulently changed and altered to $450, with intent to defraud the defendant to the amount of $100 in excess of the purchase price which he agreed to pay."

After stating the contentions clearly and fairly, the court below charged the jury as follows: "There is one issue for you to pass upon, gentlemen, in determining this case: 'In what amount, if any, is the defendant indebted to the plaintiff?' That is, in what amount, if any, is W. M. Vandiford indebted to the plaintiff, A. J. Collins, Vandiford being the defendant, and Collins the plaintiff. Now, the burden of that issue, gentlemen, is on the plaintiff, Mr. Collins, and he is indebted either $100 and interest or nothing. . . . Now, as to this paper being changed, the allegation of the defendant that the figures were changed in this paper after he signed it, the court charges you that before you can find that these figures were changed that you must be satisfied from evidence which is *clear, strong and convincing.* The rule is that a written paper stands for itself, and before you can find that any part of that paper has been forged, altered, or added to, that whoever says that must show you from the evidence that it is *clear, strong and convincing* that that has been done, and unless he has shown you it would be your duty to find that the paper was not changed. Now, gentlemen, the court charges you, if you find from the evidence which is *clear, strong and convincing* to you that this paper was changed from $350 to $450, it would be your duty to answer this issue 'No.' But the court further charges you, if you find that this paper was not changed, and the defendant having admitted the execution, it would be your duty to answer the issue $100."

The plaintiff complains that the charge was contrary to law; that when the plaintiff proved the execution of the note the burden of showing payment was on the defendant. This is ordinarily so. *Guano Co. v. Marks,* 135 N. C., 59; *Swan v. Carawan,* 168 N. C., 472; *Bank v. Clark,* 172 N. C., 268.

From the pleadings the $100 was a part of the alleged purchase price of the Ford truck for $450 (including extras making $491). There was no dispute that $350 and the extras had been paid by defendant. The contention of the defendant was to the effect that the $350 was fraudulently raised to $450. The case in the court below was tried out on the theory that the conditional sales agreement was raised from $350 to $450. On this aspect the court charged: "Now, gentlemen, the court charges you, if you find from evidence which is *clear, strong and convincing* to you that this paper was changed from $350 to $450, it would be your duty to answer this issue, No. But the court further charges you, if you find that this paper was not changed, and the defendant having admitted the execution, it would be your duty to answer the issue $100."

We think plaintiff cannot complain. The court below laid down the rule stronger in favor of plaintiff, and against defendant, than he was entitled to. Defendant was only required to satisfy the jury *"by the greater weight of the evidence."* *Wicker v. Jones,* 159 N. C., at p. 113.

The prior part of the charge, if error, was not prejudicial, as the court below correctly charged, "the defendant having admitted the execution, it would be your duty to answer the issue $100." The note was interwoven with the conditional sales agreement, which it was alleged was raised from $350 to $450. It has long been held in this jurisdiction that the burden of proof is a material rule and a substantial right. *Hunt v. Eure,* 189 N. C., 482.

Under the facts and circumstances of this case we cannot hold, on the entire charge, that there was prejudicial error. The jury could have readily decided otherwise, but they are the triers of fact.

No error.