WILBER ALLEN, by His Next Friend, M. D. HOLDERBY, v. EDNA COTTON MILL, Inc.

(Filed 4 December, 1929.)

**Trial C d—Instruction which ignores elements of negligence disclosed by the evidence will be held for reversible error.**

An instruction which ignores elements of negligence arising upon the evidence in a personal injury case, as an independent, complete and positive rule of law, is reversible error, and the principle of contextual interpretation, as where a correct instruction has been given on the material elements omitted, is not available to make the instruction complained of harmless error.

CIVIL ACTION, before *MacRae, Special Judge,* at February Term, 1929, of ROCKINGHAM.

The plaintiff, through his next friend, alleged that he was a minor about seventeen years of age, and was employed by the defendant to operate a brake machine in its factory; that said machine is used to manufacture cotton batting. Raw cotton is blown into the machine and passes through rollers at the front of the machine. The evidence tended to show that at times the rollers became stiff or did not operate smoothly, and powder or graphite was put on the rollers by the operator in order to procure a successful operation. There was evidence that oil dripped from oil cups upon the floor where the operator stood, and that powder used to powder the rollers fell on the floor, rendering the floor slick and slippery at the place where the operator was required to stand in the performance of his duties. There was further evidence to the effect that in operating the machine plaintiff slipped upon the powder, oil and grease, and fell into the machine, having his hand caught by the rollers and thereby permanently injured. There was further evidence to the effect that the plaintiff had been instructed as to the proper manner of operating the machine, and at the time of his injury he was operating it in accordance with the instructions given by the agents of the defendant.

The defendant offered strong evidence contradicting the evidence of plaintiff.

Three issues were submitted to the jury:

1. "Was the plaintiff injured by the negligence of the defendant as alleged?"

2. "Did the defendant by his own negligence contribute to his injury as alleged in the answer?"

3. "What damage, if any, is the plaintiff entitled to recover of defendant?"

The jury answered the first issue "No."

From judgment upon the verdict the plaintiff appealed.

*P. T. Stiers for plaintiff.*
*Glidewell, Dunn & Gwynn for defendant.*

BROGDEN, J. The elements of negligence involved were the presence of powder and grease upon the floor where the operator of the machine was required to stand in the performance of his duty and in failing to give plaintiff proper instructions for handling the machine.

The judge charged the jury as follows: "The plaintiff contends that he was a minor seventeen years of age at the time of his injury and that the

defendant was negligent in failing to give him proper warning and instructions as to the method and manner of performing his work, and such failure on the part of the defendant was a proximate cause of his injury. If you find from the evidence and by its greater weight, the burden being on the plaintiff, that the defendant failed to exercise ordinary care to give reasonable and proper instructions to the plaintiff, and that such failure was the proximate cause of his injury, you should answer the first issue, Yes; if you do not so find, it would be your duty to answer it, No."

This instruction ignores other elements of negligence disclosed by the evidence offered by the plaintiff. It is true that in other portions of the charge the rule of liability was correctly declared, but the foregoing instruction was the statement of an independent and positive rule of law. In such instances, if the charge complained of was erroneous and prejudicial, this Court has held that the principle of contextual interpretation of the charge does not avail. *Patterson v. Nichols,* 157 N. C., 406, 73 S. E., 202; *Champion v. Daniel,* 170 N. C., 331, 87 S. E., 214; *Construction Co. v. Wright,* 189 N. C., 456, 127 S. E., 580; *Hall v. Rhinehart,* 191 N. C., 685, 132 S. E., 787; *McCall v. Lumber Co.,* 196 N. C., 597, 146 S. E., 579.

There are many other exceptions noted in the record, but as the plaintiff is entitled to a new trial for the error specified, we deem it unnecessary and inadvisable to discuss them.

New trial.