FRANK G. FURST AND FRED G. THOMAS, COPARTNERS, TRADING AS FURST AND THOMAS, v. J. F. TAYLOR, CLEVELAND CAGLE, GEORGE D. CARTER AND D. S. BLUE.

(Filed 3 May, 1933.)

**Sales H f—In action for purchase price the burden·of establishing breach · of warranty and payment is on purchaser.**

In an action to recover the purchase price for goods sold and delivered the burden is on defendants to prove their defenses of breach of warranty and payment, and plaintiff is entitled to a new trial for the trial court's failure to so instruct the jury, although no request for such instructions was submitted, since the matter affects a substantial right of plaintiff.

APPEAL by plaintiffs from *Oglesby, J.,* at December Term, 1932, of MOORE. New trial.

This is an action by Furst and Thomas, distributors of the McNess' sanitary line of products, which is composed of proprietary medicines,

flavoring extracts, spices, coffee, some food products, stock remedies, dip disinfectants and brushes, a "fly killer" preparation, against J. F. Taylor, dealer; and D. S. Blue, George D. Carter and Cleveland Cagle, guarantors; and is based upon a breach of a contract wherein the plaintiffs agree to sell the dealer on credit at wholesale prices, and the guarantors guarantee payment of goods thus purchased by the dealer.

Plaintiffs' prayer for judgment: "That the plaintiffs recover from the defendants, J. F. Taylor, Cleveland Cagle, George D. Carter and D. S. Blue, the sum of $891.59, with interest thereon from 13 August, 1929, until paid."

The answer and further answer of defendants, are not as definite as they should be, but, under our liberal practice and the theory on which the action in the court below was tried, the plea of defendants seems to be payment and breach of warranty.

The issues submitted to the jury and their answers thereto, were as follows:

"1. Is the defendant, J. F. Taylor, indebted to the plaintiffs, and if so, in what amount? 2. Are the defendants, D. S. Blue, George D. Carter and Cleveland Cagle, indebted to plaintiffs, and if so, in what amount? And the jury, for their verdict, answered the first issue $178.59, with interest; and the second issue $178.59, with interest."

Judgment was duly rendered for plaintiffs on the verdict. Numerous exceptions and assignments of error were made by plaintiffs, and appeal taken to the Supreme Court. The necessary ones and facts will be set forth in the opinion.

*C. H. Dearman, Statesville, N. C., and Samuel R. Hoyle, Carthage, N. C., for plaintiffs.*
*H. F. Seawell, Jr., for defendants.*

CLARKSON, J. We think it only necessary to consider one exception and assignment of error.

The defendant, J. F. Taylor, on 2/9/ 1929, wrote plaintiffs: "Dear Sir: I have checked over my account with your statement showing that I owe you a balance of $884.66 on 1 January, 1929. I approve this as being correct."

On 29 August, 1929, he also wrote plaintiffs: "Just received your letter in regard to what I owe you. Will say I have not the money to pay it now, but if you will be so kind as to give me time, I think I can collect enough to pay up all right. I have got out on my books over $2,000. I will get out as soon as the tobacco market opens. The tobacco market will open 24 September. It is impossible to collect now as money is so scarce. I think I can pay you up by the first of the year with my

collections. Hope you will be so good as to wait and not push my sureties for it. Write and let me know about it. Yours for a fair deal."

In J. F. Taylor's testimony, on cross-examination, he said: "Sure, I promised to pay it. That was my intention."

The plaintiffs except and assign error "to the charge of the court to the jury for that his Honor failed to charge the jury that the burden of establishing the breach of warranty was upon the defendants; and his Honor further erred in failing to charge the jury that the defendants having admitted owing to the plaintiffs the sum sued for and promising to pay the same, the burden was upon the defendants to show payment."

In *Ashford v. Shrader,* 167 N. C., 45, 46, the court below charged the jury: "The burden is upon the plaintiffs on this issue to satisfy you by the greater weight of the evidence that there was any warranty in the sale of the goods. If they have so satisfied you, you will answer the issue 'Yes,' if they have not, you will answer 'No.'" At p. 50, this Court said: "We are, therefore, of the opinion that his Honor's charge was correct; that there was an implied warranty in the sale of the oranges that they should be at least salable, and the question as to the waiver of the warranty was submitted to the jury under instructions which were fair to both parties."

In 55 C. J., p. 837-8, part sec. 833, we find: "The burden of proof is on the party relying on a breach of warranty to show the warranty, and the breach thereof. The burden of proof is also on such party to show the damages resulting from the breach," etc.

It is well settled that the plea of payment is an affirmative one and the burden of showing payment is on the one who relies on same. The burden of proof is a substantial right. *Collins v. Vandiford,* 196 N. C., 237.

In *Construction Co. v. Wright,* 189 N. C., 456, 460, it is said: "Whenever the trial court attempts to state the rule of law applicable to the case, he should state it fully and not omit any essential part of it. The omission of any material part is, necessarily, error of an affirmative or positive kind. Therefore, it may be taken advantage of on appeal, by an exception to the charge, without a special request for the omitted instruction." *McCall v. Lumber Co.,* 196 N. C., 597, 602.

The learned judge in the court below overlooked this matter, as there was no prayer for instruction, but as it is a substantial right we cannot ignore it when exception and assignment of error has been properly made, as in this case. The other questions presented on the record we need not now consider. For the reasons given, there must be a

New trial.