### F. L. DAVIS v. TOM W. DOCKERY.

(Filed 22 January, 1936.)

1. **Payment A c: Evidence B b—Burden is on defendant to prove payment relied on by him as defense to plaintiff's recovery.**

   Plaintiff instituted suit to recover the balance alleged to be due on the purchase price of land sold defendant. Defendant admitted the contract to purchase and the amount of the purchase price as alleged by plaintiff, but contended that he had made full payment of the stipulated price. *Held:* The burden of proving the affirmative defense of payment was on defendant alleging same, and it was error for the trial court to place the burden of proof on plaintiff, although the form of the issue was whether defendant breached the contract by failing to pay the full purchase price.

2. **Evidence B a: Appeal and Error J e—**

   The burden of proof is a substantial right, and the erroneous placing of the burden of proof entitles appellant to a new trial.

APPEAL by plaintiff from *Alley, J.,* at June Term, 1935, of CHEROKEE. New trial.

This was an action to recover the balance of the purchase price of certain land alleged to be due under a parol agreement to convey. Defendant in his answer admitted the contract to pay the amount alleged and set up plea of payment in full.

There was conflicting evidence on the part of defendant and plaintiff as to manner and amount of payments to be credited on the purchase price of the land.

The court below submitted the following issues to the jury:

1. "Did the plaintiff contract to sell to defendant the tract of land described in the complaint at and for the price of $1,101.60, as alleged in the complaint?"

2. "Did the defendant commit a breach of said contract of purchase, as alleged in the complaint?"

3. "What sum, if any, is plaintiff entitled to recover on account of the purchase price of said land?"

The court instructed the jury to answer the first issue "Yes," as there was no controversy between the parties as to that issue.

Upon the second issue the court charged the jury as follows: "But when you come to the second issue, which is in this language, 'Did the defendant commit a breach of said contract of purchase, as alleged in the complaint?' then it becomes necessary, gentlemen, before you answer that issue to consider what a breach of the contract is, the burden as I have already indicated, being upon the plaintiff to satisfy you by the greater weight of the evidence that the defendant did commit a breach of the contract."

"Now, in this case the plaintiff contends that the defendant committed a breach of the contract because he did not pay all of the purchase price, and the defendant contends that he did pay all of the purchase price, and more. If the defendant has failed and refused to pay the purchase price, why then it would be a breach, but if he has paid the full purchase price, and more, he has not breached it; so, with respect to that, I charge you, if you find by the greater weight of the evidence that Mr. Dockery, the defendant in this case, agreed to pay Mr. Davis the purchase price for these two tracts of land $1,101.60, and you further find by the greater weight of the evidence that he has failed and refused to perform that part of his contract by paying that amount of money, or its equivalent in value in some other way that they agreed on, and still refuses to pay the balance of the purchase price, if you find this to be the fact, by the greater weight of the evidence, why then it would be your duty to answer the second issue 'Yes'; that is, 'Did the defendant

commit a breach of his contract, as alleged in the complaint?' If you fail to so find, it would be your duty to answer the second issue 'No.'

"Now, in this connection, I call your attention to the fact that the burden of proof is on the plaintiff to satisfy you by the greater weight of the evidence that his contentions are true."

The jury answered the second issue in favor of the defendant, and from judgment upon the verdict plaintiff appealed.

*Clyde H. Jarrett and Gray & Christopher for plaintiff.*
*D. Witherspoon, D. H. Tillett, and Moody & Moody for defendant.*

DEVIN, J. The only question presented by this appeal is whether there was error in the judge's charge as to the burden of proof on the second issue.

The plaintiff having brought his action to recover a certain amount alleged to be due as the balance of the purchase price of land, the defendant answered admitting the agreement to purchase, and the amount agreed to be paid, and pleaded payment in full as a defense.

There was no controversy as to the agreement, nor as to the amount agreed to be paid, and the court properly instructed the jury to answer the first issue in the affirmative.

While the second issue: "Did the defendant commit a breach of said contract?" is in the form usually employed in actions to recover for breach of contract, when the burden is on the plaintiff to prove both contract and breach, the heart of the controversy here, and the only question being litigated was whether defendant had paid the amount he admitted he had agreed to pay. Regardless of the form of the issue, whether negative or affirmative, in substance, the issue raised was that of payment or nonpayment, and the form of the issue could not change the rule that the burden is on him who pleads payment.

In *Furst v. Taylor*, 204 N. C., 603, Mr. Justice Clarkson succinctly states the rule: "It is well settled that the plea of payment is an affirmative one and the burden of showing payment is on the one who relies on same. The burden of proof is a substantial right." *Collins v. Vandiford*, 196 N. C., 237; *Swan v. Carawan*, 168 N. C., 472; *Vaughan v. Lewellyn*, 94 N. C., 472.

"It is a fundamental rule of evidence that the burden is on the party who asserts the affirmative of the issue." *Stein v. Levins*, 205 N. C., 302.

Defendant's admission of the agreement to pay a certain amount, nothing else appearing, would have entitled the plaintiff to judgment on the pleadings. *Stein v. Levins, supra; McCaskill v. Walker*, 147 N. C.,

195. In avoidance, defendant alleged and offered evidence that he had paid the amount in full. "The burden of proof rests upon the party who, either as plaintiff or defendant, affirmatively alleges facts necessary to enable him to prevail in the cause." *Speas v. Bank,* 188 N. C., 524-529.

The learned judge who tried the case below failed to properly instruct the jury that the burden of proof of payment was on the defendant, and for this there must be a

New trial.