W. H. STEPHENSON v. N. A. HONEYCUTT.

(Filed 18 March, 1936.)

1. **Appeal and Error G c—**

Exceptions not discussed in briefs are deemed abandoned.  Rule 28.

2. **Evidence I b—Witness held competent to identify account, and his testimony relative thereto was competent.**

Plaintiff, suing upon an open account, offered the testimony of the manager of the store in charge of the books, to the effect that the owner of the store made certain entries on the books before the witness was hired, and that he had charge of the books thereafter, that he had discussed the account with the debtor, who did not deny its correctness, and that the account was in the sum claimed by plaintiff. *Held:* The witness was competent to identify the account, and an exception to his testimony is untenable.

3. **Account Stated A c—**

Where the debtor accepts an account rendered, either by assenting to its correctness or by failing to object thereto within a reasonable time, he will be regarded as admitting its correctness, and the account becomes an account stated.

4. **Payment A c—**

The plea of payment is an affirmative one, and the burden of proof is upon the party asserting payment.

5. **Payment C d—Delivery of intoxicating liquor cannot operate as payment.**

Defendant contended that he made payment on his account by delivering intoxicating liquor to the creditor. *Held:* The law recognizes no property right in or growing out of intoxicating liquor sold or transferred in violation of the law, and the delivery of the intoxicating liquor does not support the plea of payment.

6. **Trial D a:  Appeal and Error B d—**

Where defendant does not renew his motion to nonsuit at the close of all the evidence he waives his right to have the sufficiency of the evidence considered on appeal.  C. S., 567.

7. **Appeal and Error J a:  Trial G e—**

A motion to set aside the verdict as being contrary to the weight of the evidence is addressed to the discretion of the trial court, and the court's determination of the motion is not ordinarily reviewable.

APPEAL by defendant from *Williams, J.,* and a jury, at October Term, 1935, of HARNETT.  No error.

This was a civil action, instituted in the recorder's court of Harnett County by the plaintiff, to recover judgment against the defendant in the sum of $257.30, claimed by the plaintiff on an open account, pur-

chased by plaintiff at an administrator's sale of the estate of L. G. Young. The action was heard and determined before his Honor, F. H. Taylor, judge of the recorder's court of Harnett County, and from a judgment in favor of the plaintiff, and against the defendant, the defendant appealed to the Superior Court of Harnett County. The cause came on for hearing at the October Term, 1935, Harnett Superior Court.

The issue submitted to the jury and their answer thereto was as follows: "1. What amount, if any, is the defendant indebted to the plaintiff? Ans.: 'Full amount of debt as of book record, $257.30. We recommend that no interest be charged.'"

The court below rendered judgment on the verdict. The defendant made numerous exceptions and assignments of error, and appealed to the Supreme Court. The material ones and necessary facts will be set forth in the opinion.

*Dupree & Strickland for plaintiff.*
*J. R. Hood for defendant.*

CLARKSON, J. The defendant in his brief only relies on three exceptions and assignments of error. The others will be taken as abandoned by him. N. C. Code, 1935 (Michie), p. 2674; Supreme Court Rule 28.

Defendant's *first* contention: "That the witness W. J. Crawford was not a competent witness to identify the account, and that his Honor erred in permitting the testimony of the witness Crawford to go to the jury."

Under the facts and circumstances of this case, defendant's contention cannot be sustained.

W. J. Crawford, prior to September, 1933, was manager of Young Bros. Drug Co. L. G. Young, through whom plaintiff claims the account by assignment, was the sole owner. As manager it was said Crawford's duty to keep the books. He testified, in part: "I had an account against the defendant N. A. Honeycutt. This is N. A. Honeycutt's account; this is the old drug ledger; some of this here was done by L. G. Young before I was employed by him; it indicates a balance due by Mr. N. A. Honeycutt. Q. Will you tell the jury what that balance is? Ans.: I discussed that balance with Mr. Honeycutt; especially since Mr. Stephenson bought the account; Mr. Honeycutt did not deny the account at that time; it has never been denied. He claimed that Mr. Young owed him; he said that he owed him for a little stuff. . . . I did not make all of those records there. By the court: What is the balance there you discussed with Mr. Honeycutt? Ans.: It looks like $257.30. By Mr. Dupree: Is that the amount less his credits? Ans.: Yes, sir. The account was $278.45. . . . He never denied he got

the stuff charged." The defendant's exception and assignment of error to the above questions must be denied.

In Black's Law Dictionary (3d Ed.), p. 27, citing numerous authorities, "account stated" is defined: "An account rendered by the creditor, and by the debtor assented to as correct, either expressly or by implication of law from the failure to object."

In *Supply Co. v. Plumbing Co.,* 195 N. C., 629 (633), it is said: "When an account is rendered, a failure to object to it within a reasonable time will be regarded as an admission of its correctness by the party. *Davis v. Stephenson,* 149 N. C., 113."

W. H. Stephenson testified, in part: "My name is W. H. Stephenson. I have Mr. Honeycutt sued on an account of $257.30. I purchased this account from the administrators of L. G. Young estate at Angier; at public sale. I made demand on Mr. Honeycutt for the account. He never denied the correctness of the account, but said Mr. Young owed him for some liquor. . . . He did not assign any reason for not paying it. I told him that I could not allow him credit for the whiskey. . . . He did not claim that Mr. Young owed him for anything except the whiskey."

The defendant testified, in part: "I don't think I owe him anything on that account. He owed me $280.00 and I owed him $245.00, somewhere along there; $280.00 in money and whiskey, too; I paid him brandy and all that I owed him. . . . There never was any dispute between me and him as to the account."

The evidence was practically but one way. In fact, the defendant in his brief says: "The defendant by his answer admits that he had an account with the deceased, but claimed that the said account was paid, and at the time of the death he was not indebted to the plaintiff."

The plea of payment is an affirmative one. In *Furst v. Taylor,* 204 N. C., 603 (605), it is said: "It is well settled that the plea of payment is an affirmative one, and the burden of showing payment is on the one who relies on the same. The burden of proof is a substantial right. *Collins v. Vandiford,* 196 N. C., 237." *Davis v. Dockery, ante,* 272 (274).

The defense of defendant was to the effect that the account was paid practically in liquor—"blind-tiger" whiskey and brandy.

*Walker, J.,* in *Liquor Co. v. Johnson,* 161 N. C., 74 (75-6), said: "The defense was that the checks were given for the sale of liquor, contrary to our statute prohibiting the sale of liquor in the State, and upon the principle that where a contract is entered into by the parties for the purpose of doing something that is prohibited by law, it is not enforceable, as the law will not lend its support to a claim founded upon a violation of itself (citing numerous authorities). In *Holman*

*v. Johnson,* Cowp., 341, Lord Mansfield said: 'The principle of public policy is this: *ex dolo malo non oritur actio.* No court will lend its aid to a man who founds his cause of action upon an immoral or an illegal act. If from the plaintiff's own stating or otherwise the cause of action appear to arise *ex turpi causa,* or the transgression of a positive law of this country, then the Court says he has no right to be assisted. It is upon that ground the Court goes, not for the sake of the defendant, but because they will not lend their aid to such a plaintiff.' "

On this aspect the able, painstaking, and learned judge in the court below charged the jury correctly as follows: "It is admitted in evidence here, gentlemen of the jury, that he claimed to have paid the account through the delivery of whiskey to Mr. L. G. Young. The delivery of whiskey from one person to another is an unlawful transaction, a transaction in violation of the laws of North Carolina, and from an unlawful transaction no valid obligation to pay money or anything else can be created or can arise. The law recognizes no property right in and no property right growing out of whiskey or intoxicating liquors. A man that sells another intoxicating liquor on credit does not have any right to come into court for the collection of an obligation which is founded on that unlawful transaction."

The defendant's *second* contention: "That his Honor erred in denying the motion for judgment as of nonsuit at the close of the plaintiff's testimony."

We cannot so hold on this record. The defendant, after the close of plaintiff's evidence in the court below, made a motion, under C. S., 567, for judgment as in case of nonsuit. This motion was overruled. The defendant then introduced evidence and at the close of all the evidence did not renew his motion in the court below for judgment as in case of nonsuit, C. S., 567. By not making this motion, he waived the benefit of the statute.

In *Nowell v. Basnight,* 185 N. C., 142 (148), citing numerous authorities, it is said: "If the first motion is overruled, the defendant may except and go to the jury; or except, introduce evidence, and renew motion after all the evidence. . . . Exception is waived if motion is not renewed." *Ferrell v. Ins. Co.,* 208 N. C., 420 (421).

The defendant's *third* contention: "For that his Honor erred in not setting aside the verdict of the jury, and in signing the judgment as appears of record." This matter was within the discretion of the court below.

In McIntosh, N. C. Prac. and Proc. in Civil Cases, p. 670, we find:

"The verdict is the solemn act of the jury, and it should not be set aside without mature consideration, but the power of the court to set aside a verdict as a matter of discretion has always been inherent, and

is necessary to the proper administration of justice. It is not an arbitrary discretion, to be exercised capriciously and at the mere inclination of the judge, but by a sound and enlightened judgment, to prevent what may seem to be an inequitable result. The judge is in a position to know all the circumstances and their probable effect, and in this respect his discretion is practically unlimited, since his action will not be reviewed, unless it clearly appears that the discretion was abused."

On the whole record and in the charge we see no prejudicial or reversible error.

No error.