## 27849. GETTIS *v.* BANK OF HELEN.

DECIDED MARCH 12, 1940. REHEARING DENIED MARCH 30, 1940.

*G. Fred Kelley,* for plaintiff in error.

*C. H. Edwards, Wheeler & Kenyon, Charles J. Thurmond,* contra.

BROYLES, C. J. The bank of Helen sued Gettis for $946.29, as the balance of two notes, and for interest and attorney's fees. Gettis admitted executing the notes, and his liability for attorney's fees if liable on the notes, but pleaded overpayment of the notes, and asked for a judgment in his favor. The trial resulted in a directed verdict and a judgment in favor of the plaintiff for the amount sued for. The defendant's motion for a new trial was overruled, and that judgment was assigned as error. The defendant, having admitted a prima facie case for the plaintiff, assumed the burden of proving his plea of payment. He introduced in evidence two bonds for title showing that he had assumed the payment of certain notes executed in two distinct transactions. The first transaction was the purchase of certain property for $2250, $750 of which was paid, leaving a balance of $1500 represented by two notes of $750 each. The second transaction was where the defendant assumed the payment of a note for $1296. The foregoing evidence was admitted without objection, and showed that the defendant admitted original liability to pay the total amount of $2796. He then attempted to introduce in evidence four bank checks which he testified he had paid to the plaintiff. The total amount of these checks was $1307.55. The checks and the defendant's testimony in regard to their payment to the plaintiff were excluded, and this ruling was excepted to in the motion for new trial. Conceding (but not deciding) that the court erred in excluding the evidence, we think the error was harmless. The defendant assumed the burden of proving by a preponderance of the evidence that he had paid the notes sued on, and the evidence introduced by him and admitted showed that he had assumed the payment of notes amounting to $2796, and the checks which he offered to prove the payment of the notes sued on amounted to only $1307.55, leaving a balance of $1488.45. If the checks and his testimony concerning them had been admitted in evidence, the evi-

dence would not have shown that the checks should be credited on the *balance* of the notes sued on, to wit, $946.29, said evidence not accounting for the credits listed on the back of said notes. Under such circumstances, even if the excluded evidence had been admitted, the defendant would have failed to carry the burden, which he assumed, of proving by a preponderance of the evidence that the checks should be credited on the balance of the notes sued on, rather than on his original obligation to pay $2796. The evidence demanded the verdict; and the refusal to grant a new trial was not error.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*

ON MOTION FOR REHEARING.

BROYLES, C. J. The movant contends that this court overlooked certain parts of the record which show "that had the evidence offered by plaintiff in error been admitted, it would have conclusively shown that the notes sued upon had been paid in full." We can not agree to this contention. We reiterate that the defendant assumed the burden of proving by a preponderance of the evidence that he had paid the notes sued on, and the evidence introduced by him and admitted showed that he had assumed the payment of notes amounting to $2796, and the checks which he offered to prove the payment of the notes sued on amounted to only $1307.55, leaving a balance of $1488.45. If the checks and his testimony concerning them had been admitted in evidence, the evidence would not have shown that *the notes sued upon* had been paid. The Georgia authorities cited by movant are not applicable to the facts of this case; and the decision in F. S. Royster Guano Co. *v.* Marks, 135 N. C. 59 (47 S. E. 127), also cited, is not controlling on this court.

*Rehearing denied. MacIntyre and Guerry, JJ., concur.*