JIM WHITE v. H. A. LOGAN, JR.

(Filed 20 October, 1954.)

**1. Payment § 9—**

The plea of payment is an affirmative defense and the general rule is that the burden of showing payment must be assumed by the party interposing it.

**2. Evidence § 7a—**

The burden of proof is a substantial right.

**3. Bills and Notes § 35—**

Where, in an action on a note, defendant admits the execution of the note and pleads payment in full, the burden is upon him to prove this defense, and an instruction that the plaintiff had the burden of establishing by the greater weight of the evidence that defendant was indebted to him in some amount, and the amount of the indebtedness, must be held prejudicial error.

APPEAL by plaintiff from *Pless, J.,* and a jury, at March-April Term, 1954, of CLEVELAND.

Civil action on promissory note. The plaintiff alleges a balance due of $1,089.20. The defendant in his further defense admits the execution of the note and pleads payment in full. On the issue of payment thus raised the trial court charged the jury, among other things, that "the plaintiff, Mr. White, has the burden of establishing by the greater weight of the evidence that the defendant, Mr. Logan, is indebted to him in some amount, and the amount of it." Exception by plaintiff.

The jury found for their verdict that the defendant owes a balance of $200. From judgment on the verdict, the plaintiff appeals.

*Horace Kennedy for plaintiff, appellant.*

*No counsel contra.*

JOHNSON, J. It is well settled that the plea of payment is an affirmative one, and the general rule is that the burden of showing payment must be assumed by the party interposing it. *Davis v. Dockery,* 209 N.C. 272, 183 S.E. 396; *Furst v. Taylor,* 204 N.C. 603, 169 S.E. 185; *Collins v.*

*Vandiford,* 196 N.C. 237, 145 S.E. 235; *Swan v. Carawan,* 168 N.C. 472, 84 S.E. 699. See also *Joyce v. Sell,* 233 N.C. 585, 64 S.E. 2d 837; 8 Am. Jur., Bills and Notes, Sec. 1035; 40 Am. Jur., Payment, Sec. 278. The burden of proof is a substantial right. *Davis v. Dockery, supra; Collins v. Vandiford, supra.*

Here the defendant's plea of payment cast on him the burden of proving the affirmative of the issue thus raised. However, the trial court inadvertently placed the burden of proof on the plaintiff. This entitles the plaintiff to a

New trial.