AUTO FINANCE COMPANY OF N. C., INC. v. PAUL J. McDONALD.

(Filed 15 October, 1958.)

**Payment § 9—**

    Plaintiff sued on a note and conditional sales contract for a car. Defendant offered in evidence title to the car marked paid and accompany-

ing letter from plaintiff stating that the contract of purchase had been paid, but the note and contract remained in plaintiff's hands and were introduced in evidence by it. *Held:* The burden of proving payment was upon defendant, and the action being upon the note and contract and not the title, defendant's possession of the title marked paid did not place the burden of going forward with the evidence upon plaintiff.

JOHNSON AND PARKER, JJ., not sitting.

APPEAL by defendant from *Pless, J.,* March 28, 1958 Regular Civil "B" Term, MECKLENBURG Superior Court.

Civil action to recover $3,297.60, balance of the purchase price due on a note and conditional sales contract for a 1955 Oldsmobile.

The parties agree on all matters except whether payment has been made. The plaintiff introduced the contract and note for the amount sued on. Their execution was admitted. The office manager of the plaintiff testified the full amount was due and unpaid.

The defendant's wife testified she went to the plaintiff's office on June 24, 1955, and "paid them off in cash." She did not require surrender of the note and contract and she did not get a receipt for the payment. However, the plaintiff sent by mail to the defendant the certificate of title to the Oldsmobile with the notification, "Paid July 20, 1955, Auto Finance Company, by W. B. Lattimer." Accompanying was a letter to the defendant, stating: "On June 24, you satisfactorily completed payment of your contract purchased by Auto Finance Company. We are pleased to forward you attached your paid contract . . ." The title to the Oldsmobile, but not the contract, accompanied the letter.

The plaintiff contended, and Mr. Lattimer testified, that the title and letter were sent by mistake. He further testified that at the time the defendant purchased the Oldsmobile he transferred a Buick as a trade-in on the, Oldsmobile; that the plaintiff also held a conditional sales contract on the Buick, on which a small balance was still due, and that this small balance was liquidated in the sales contract and note for the Oldsmobile. He testified that the title to the Oldsmobile was sent to the plaintiff by mistake, the intention being to send the title to the Buick; that the form letter was intended to refer to the transaction involving the Buick, and not the Oldsmobile.

Both parties offered evidence tending to corroborate their respective contentions. The jury found the defendant was indebted to the plaintiff in the sum of $3,297.60 and from the judgment accordingly, the defendant appealed.

*James B. Ledford, L. Glen Ledford for defendant, appellant.*
*B. Irvin Boyle, J. J. Wade, Jr., for plaintiff, appellee.*

HIGGINS, J.   One question only was in dispute in the court below: Was the debt paid? The defendant admitted the execution and delivery of the note and contract. The plaintiff had possession and introduced both in evidence. Defendant relied on the defense of payment.

The court charged the jury that the burden of showing payment was on the defendant. This the defendant challenges upon the ground that the receipt from the plaintiff of the title (not the note and contract) marked paid, together with the accompanying letter, placed upon the plaintiff the burden "of going forward with the evidence" and impeaching the receipt.

This action was brought on the note and contract, and not on the title. The defendant's contention would have more weight if he had the obligation itself in his possession, marked paid. But the obligation upon which suit is brought was in the hands of the plaintiff and introduced in evidence. The burden of showing payment, therefore, was upon the defendant. "It is well settled that the plea of payment is an affirmative one, and the general rule is that the burden of showing payment must be assumed by the party interposing it." *White v. Logan,* 240 N.C. 791, 83 S.E. 2d 892; *Builders Supply Co. v. Dixon,* 246 N.C. 136, 97 S.E. 2d 767; *Davis v. Dockery,* 209 N.C. 272, 183 S.E. 396; *Collins v. Vandiford,* 196 N.C. 237, 145 S.E. 235; *Swan v. Carawan,* 168 N.C. 472, 84 S.E. 699.

The court's charge properly placed upon the defendant the burden of showing payment.

No Error.

JOHNSON AND PARKER, JJ., not sitting.